■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP NIEVES, Appellant. — Judgment of the Supreme Court, Bronx County (Joseph A. Cerbone, J.), rendered on or about March 23, 1983, convicting defendant of the crimes of murder in the second degree, two counts of robbery in the first degree, assault in the first degree and criminal possession of a weapon in the second degree, and sentencing him to terms of imprisonment of 25 years to life, two terms of 12½ to 25 years and 8⅓ to 25 years on the murder, robbery and criminal possession of a weapon counts, respectively, and 5 to 15 years on the assault count, to run consecutively to the murder sentence, modified, on the law, to reduce the sentence on the count charging criminal possession of a weapon in the second degree to 5 to 15 years and, except as so modified, affirmed.

Defendant was convicted of the charges involved as a result of the robbery of a liquor store. Inasmuch as the murder of Carlos Bagatta and the wounding of Frank Bagatta during the course of the robbery were separate and discrete acts, the imposition of a consecutive sentence for the assault presents no problem (*People v Brathwaite,* 63 NY2d 839).

However, the imposition of a sentence of 8⅓ years to 25 years for the count charging criminal possession of a weapon in the second degree was improper. That crime, as defined in Penal Law § 265.03, is a class C felony. Thus, as the prosecution concedes, the maximum term of imprisonment permissible on that count is 15 years (Penal Law § 70.00 [2] [c]).

Inasmuch as the intent of the sentencing court to impose the maximum sentence on defendant is clear, we find no need to remand for resentence. Accordingly, we modify to reduce the sentence on that count to 5 to 15 years to run concurrently with the sentences imposed for murder in the second degree and the two counts of robbery in the first degree, but consecutive to the sentence imposed for assault in the first degree. Concur — Sullivan, J. P., Ross, Bloom, Kassal and Ellerin, JJ.