■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
PETER HERLOSKI, Appellant.—Judgment unanimously affirmed.
Memorandum: Defendant's claim that the defense of extreme
emotional disturbance (Penal Law § 125.25 [1] [a]) violates due
process guarantees has not been preserved for review. Were we
to reach the merits, we would reject the claim. Defendant argues
that because this "defense" is in the nature of a plea in mitiga-
tion, i.e., a plea of confession and avoidance, rather than a true
defense, the effect of asserting a claim of extreme emotional dis-
turbance is to deprive him of the right to the presumption of
innocence and the right against self-incrimination, i.e., that the
present statutory scheme requires a defendant in effect to con-
fess to the crime and then to make a plea for leniency before the
case is submitted to the jury. Defendant overlooks the crucial
fact that the defense of extreme emotional disturbance is not
constitutionally required. "Absent the affirmative defense, the
crime of murder or manslaughter could legislatively be defined
simply to require an intent to kill, unaffected by the spontaneity
with which that intent is formed or the provocative or mitigating
circumstances which should legally or morally lower the grade of
crime." *(People v Patterson,* 39 NY2d 288, 305, *affd* 432 US 197
[Breitel, Ch. J., concurring].) The defendant is not required to
assert the defense of extreme emotional disturbance and may
always put the People to the test of proving guilt beyond a rea-
sonable doubt to the trier of fact without compromising in any
way either the presumption of innocence or the right against
self-incrimination. The statute merely allows him an option to
choose to avail himself of a defense in mitigation and to make a
plea for leniency. While the Legislature could establish a bifur-
cated trial for the purposes of separately establishing guilt and
mitigation, it is not required to do so as an element of due pro-
cess. In our view, the affirmative defense does not shift the bur-
den of proof from the People *(see, People v Patterson,* 39 NY2d
288, *supra)* and the statute is not void for vagueness *(see, People v
Casassa,* 49 NY2d 668, *cert denied* 449 US 842). Finally, on this
record, the Trial Judge was entitled to conclude after a bench
trial that defendant was guilty and failed to meet his burden of
proving the affirmative defense by a preponderance of the evi-
dence. (Appeal from judgment of Supreme Court, Onondaga
County, Gorman, J.—attempted murder, second degree.) Present
—Hancock, Jr., J. P., Doerr, Denman, O'Donnell and Schnepp,
JJ.