■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAY APHAYLATH, Appellant.—Judgment affirmed. Memorandum: On appeal from a judgment of conviction for murder in the second degree (Penal Law § 125.25 [1]), defendant's primary claim is that the trial court erred in disallowing testimony from two defense witnesses concerning Laotian culture. Defendant, a Laotian refugee, was charged with murdering his wife, by repeatedly stabbing her, after she received a phone call from a former boyfriend. Defendant claimed that he was acting under extreme emotional disturbance (Penal Law § 125.25 [1] [a]). Defendant argues that general knowledge of Laotian culture would have aided the jury in understanding why he acted in a jealous rage. The trial court properly exercised its discretion in disallowing the proffered testimony. The witnesses had not evaluated the defendant and could testify only about Laotian culture and refugee problems in general (see, People v Casassa, 49 NY2d 668, 680-681). Defendant, as well as other witnesses, had testified at length about Laotian culture. Moreover, jealousy is not a subject beyond the ken of the ordinary juror, for which expert testimony is needed (see, Richardson, Evidence § 367 [Prince 10th ed]). We have considered defendant's remaining claims of prosecutorial misconduct and find them without merit.

All concur, except Schnepp, J., who dissents and votes to reverse and grant a new trial in the following memorandum.

Schnepp, J. (dissenting). Contrary to the view expressed by the majority, it is apparent that the defendant intended to adduce expert testimony concerning the stress and disorientation encountered by refugees from Asia in general, and Laos in particular, associated with their resettlement in America. In my view, the experts' testimony would have provided the jury with a basis for considering that the stresses defendant experienced as a refugee contributed to his total loss of self-control and would have aided it in understanding his claim that he acted under the influence of an extreme emotional disturbance. The feelings of isolation, fear and insecurity which must be experienced by persons transported into an alien culture, particularly where the original and adopted cultures are so dissimilar, are not part of a juror's common experience. The understanding of these emotions presents a subject beyond the ken of the ordinary juror for which expert

testimony is needed *(cf. DeLong v County of Erie,* 60 NY2d 296, 306-308; *People v Benjamin R.,* 103 AD2d 663, 668-670; *People v Siu Wah Tse,* 91 AD2d 350, 353; *People v Torres,* 128 Misc 2d 129).

The extreme emotional disturbance defense " 'amounts to a plea in mitigation based upon a mental or emotional trauma of significant dimensions, with the jury asked to show whatever empathy it can' " *(People v Casassa,* 49 NY2d 668, 679; *see also, People v Knights,* 109 AD2d 910, 911). The excluded testimony would illuminate for the jury the impact of events outside of normal experience and enhance the evidence used by the jury and thereby enable it to decide whether defendant established mitigating circumstances so as to merit leniency *(see, People v Herloski,* 112 AD2d 5). Although the immediate cause for defendant's loss of control was obviously jealousy over his bride's apparent preference for another man, the defendant was denied the opportunity to show that jealousy was simply the last straw which unhinged his mind and that, because of the stresses resulting from his status as a refugee, a "significant mental trauma has affected [his] mind for a substantial period of time, simmering in the unknowing subconscious and then inexplicably coming to the fore" *(People v Patterson,* 39 NY2d 288, 303, *affd* 432 US 197). This excluded testimony would have been highly probative of whether there was a reasonable explanation for defendant's conduct from the perspective of his internal point of view *(see, People v Moye,* 66 NY2d 887). The trial court abused its discretion in excluding this testimony and thus denied defendant a fair opportunity to show extreme emotional disturbance in mitigation of the homicide. The conviction should be reversed and a new trial granted. (Appeal from judgment of Supreme Court, Monroe County, Pine, J.—murder, second degree.) Present—Doerr, J. P., Denman, Green, O'Donnell and Schnepp, JJ.