THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE MIERZWA, Appellant

Memorandum: On this appeal of defendant's conviction of attempted murder in the second degree, evidence that he fired his gun at a police officer at close range is sufficient to support the inference that his intent was to cause the death of another, notwithstanding the proof of his suicidal intent. The

jury could reasonably have concluded beyond a reasonable doubt that, despite defendant's underlying intent to cause his own death, he intended to engage in a shootout with police.

Moreover, we may not modify his conviction to attempted manslaughter in the first degree under Penal Law § 125.20 (2). Although the record is sufficient to support defendant's claim that he acted under the influence of extreme emotional disturbance, we may only modify a conviction to a lesser included offense "[u]pon a determination that the trial evidence adduced in support of a verdict is not legally sufficient to establish the defendant's guilt of an offense of which he was convicted but is legally sufficient to establish his guilt of a lesser included offense" (CPL 470.15 [2] [a]). Here, the lesser offense of attempted manslaughter requires proof of an additional element, i.e., extreme emotional disturbance. The claim that a defendant acted under extreme emotional disturbance presupposes guilt of the greater offense of attempted murder, and "allows [defendant] an option to choose to avail himself of a defense in mitigation and to make a plea for leniency" (People v Herloski, 112 AD2d 5). Unlike other affirmative defenses, extreme emotional disturbance does not negate any element of the greater crime charged. We are not authorized "to extend mercy to an accused by finding a lesser degree of crime than is established by the evidence" (People v Potskowski, 298 NY 299, 303). Thus, despite the strong evidence of extreme emotional disturbance, we cannot modify the judgment because the proof is legally sufficient to establish defendant's guilt of attempted murder in the second degree.

Defendant's claim that he was denied the effective assistance of counsel is without merit. Defense counsel followed a trial strategy of contesting the People's proof that defendant had an intent to kill Deputy Margolis or that he fired the rifle. Counsel's use of defendant's hospital records and his election not to use expert psychiatric testimony or to claim defendant acted under extreme emotional disturbance were reasonable choices in accordance with his strategy. With the benefit of hindsight it appears he may have pursued the wrong defenses but defendant was not denied meaningful representation. Defense counsel was unsuccessful, not inept (see, People v Baldi, 54 NY2d 137).

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Onondaga County Court, Hurlbutt, J.—attempted murder, second degree, and other offenses.) Present—Callahan, J. P., Doerr, Denman, Boomer and Schnepp, JJ.