OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the case remitted to Supreme Court, Monroe County, for a new trial.
Defendant, a Laotian refugee living in this country for approximately two years, was indicted and tried for the intentional murder of his Laotian wife of one month. At trial, defendant attempted to establish the affirmative defense of extreme emotional disturbance to mitigate the homicide (Penal Law § 125.25 [1] [a]; see, People v Moye, 66 NY2d 887; People v Casassa, 49 NY2d 668) on the theory that the stresses resulting from his status of a refugee caused a significant mental trauma, affecting his mind for a substantial period of time, simmering in the unknowing subconscious and then inexplicably coming to the fore (People v Patterson, 39 NY2d 288, 303, quoted in People v Aphaylath, 117 AD2d 981, 982 [Schnepp, J., dissenting]). Although the immediate cause for the defendant’s loss of control was his jealousy over his wife’s apparent preference for an ex-boyfriend, the defense argued that under Laotian culture the conduct of the victim wife in displaying affection for another man and receiving phone calls from an unattached man brought shame on defendant and his family sufficient to trigger defendant’s loss of control.
The defense was able to present some evidence of the Laotian culture through the cross-examination of two prosecution witnesses and through the testimony of defendant himself, although he was hampered by his illiteracy in both his native tongue and English. Defendant’s ability to adequately establish his defense was impermissibly curtailed by the trial court’s exclusion of the proffered testimony of two expert *947 witnesses concerning the stress and disorientation encountered by Laotian refugees in attempting to assimilate into the American culture. It appears from the record before us that the sole basis on which the court excluded the expert testimony was because "neither one * * * was going to be able to testify as to anything specifically relating to this defendant”. It is unclear from this ruling whether the Trial Judge determined that she had no discretion to allow the testimony because the experts had no knowledge of this particular defendant or that she declined to exercise her discretion because of the experts’ lack of knowledge of the defendant or his individual background and characteristics. Under either interpretation, however, the exclusion of this expert testimony as a matter of law was erroneous because the admissibility of expert testimony that is probative of a fact in issue does not depend on whether the witness has personal knowledge of a defendant or a defendant’s particular characteristics (see, Kulak v Nationwide Mut. Ins. Co., 40 NY2d 140, 146-147; see generally, Richardson, Evidence §§ 4, 370, at 346 [10th ed]; Fisch, NY Evidence §4 [2d ed]). Whether or not such testimony is sufficiently relevant to have probative value is a determination to be made by the Trial Judge in the exercise of her sound discretion (De Long v County of Erie, 60 NY2d 296, 307).
Accordingly, because the court’s ruling was not predicated on the appropriate standard and the defendant may have been deprived of an opportunity to put before the jury information relevant to his defense, a new trial must be ordered.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in memorandum.
Order reversed, etc.