■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBIE J. DRAKE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of two counts of second degree murder for killing two teen-agers who were seated in a car at a deserted dump site. He was sentenced to consecutive indeterminate terms of 20 years to life. On appeal defendant contends that the trial court erred in failing to charge criminally negligent homicide as a lesser included offense, in admitting expert testimony, and in imposing consecutive sentences. We disagree.

Defendant's defense was that he believed that the car was abandoned. According to his version of the incident, he went to the dump shortly after midnight dressed in battle fatigues and armed with a .22 caliber semiautomatic rifle, a high-powered 5.69 millimeter rifle and two large hunting knives. Defendant claimed that his purpose was to hunt or to target practice, activities which frequently occurred at the site and which he had engaged in several times before. He said that he saw a car which was in poor condition and appeared to be abandoned; that he fired 19 rounds from the .22 caliber rifle through the window of the car during a period of 3 to 4 seconds; and that he then discovered that two victims were inside the car and had received multiple bullet wounds to the head. Defendant maintained that he did not intend to kill anyone and that he intended only to destroy the car. An autopsy revealed that the male victim suffered 14 bullet wounds to his head and two stab wounds in his chest and that the female victim suffered two bullet wounds to her head, bite marks on her breasts and a bruised rectum. The cause of death of each victim was bullet wounds to the head.

The trial court did not err in refusing to charge criminally negligent homicide because no reasonable view of the evidence would support such a charge (see, CPL 300.50 [1]; *People v Green*, 56 NY2d 427, 434, *rearg denied* 57 NY2d 775). Criminally negligent homicide involves a failure to perceive a risk in a situation where a defendant has a legal duty of awareness (see, *People v Haney*, 30 NY2d 328). "The risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation" (Penal Law § 15.05 [4]). Given defendant's version of the incident, his failure to perceive the risk that people would be in the car was not such a gross deviation from what a reasonable person would have observed in the situation. There is no evidence in the record that the dump was used for any purpose other than the storage of abandoned or stolen vehicles or hunting and target shooting. On this record, there was no evidence that defendant demonstrated an unusual insensitivity to the potential consequences of his conduct as he perceived them to be (see, *People v Kibbe*, 35 NY2d 407, 412). Proof of facts which tend to show that the risk existed and ultimately resulted from defendant's conduct is insufficient to sustain a charge of criminally negligent homicide (cf., *People v Warner-Lambert Co.*, 51 NY2d 295, *cert denied* 450 US 1031). While there is always some risk that when a gun is fired someone may be

shot, in the circumstances here present that risk was not reasonably foreseeable.

The trial court did not abuse its discretion in receiving the expert testimony of a prison psychologist, or in denying defendant's request for a two-week adjournment to enable him to obtain his own expert. After reviewing the trial evidence and exhibits, the People's expert concluded that the circumstances of this case indicated a pathological condition used in criminal psychological profiling called piquerism, which is the realization of sexual satisfaction from penetrating a victim by sniper activity or by stab or bite wounds. Defendant claims that this testimony invaded the province of the jury because it related to the question of defendant's intent, which was the ultimate issue in the case.

Since the subject of the psychologist's testimony concerned a behavioral phenomenon not within the common knowledge of the average juror and requiring professional knowledge, expert testimony was helpful and properly received *(see, De Long v County of Erie,* 60 NY2d 296, 307; *Selkowitz v County of Nassau,* 45 NY2d 97; *Dougherty v Milliken,* 163 NY 527). The fact that an expert's testimony may tend to prove intent (the precise question to be determined by the jury) does not render inadmissible the expert's opinion *(see, People v Cronin,* 60 NY2d 430, 433; *People v Smith,* 59 NY2d 156, 168; *People v McNeeley,* 77 AD2d 205, 210; *People v Colavecchio,* 11 AD2d 161, 165; *see also,* Fisch, New York Evidence § 413, at 264-265 [2d ed]). The trial court's admission of the psychologist's testimony in this case is consistent with an increasing tendency of our State courts to accept expert testimony on other behavior not commonly understood by the average juror *(see, e.g., People v Aphaylath,* 68 NY2d 945 [stress and disorientation encountered by Laotian refugees attempting to assimilate into American culture], *rearg dismissed* 69 NY2d 724; *People v Henson,* 33 NY2d 63 [battered child syndrome]; *People v Benjamin R.,* 103 AD2d 663 [reluctance of infant victims of sexual abuse to reveal details of the crime]; *People v Fisher,* 73 AD2d 886, *affd* 53 NY2d 907 [phenomenon of repression]; *People v Torres,* 128 Misc 2d 129 [battered woman's syndrome]; *People v Reid,* 123 Misc 2d 1084 [rape trauma syndrome]). The defendant had a full and fair opportunity to cross-examine the People's expert and to present opposing views, and the trial court properly charged the jurors that they could accept or reject the expert testimony in whole or in part. Thus, whatever prejudice the defendant may have suffered was mini-

mized by the court's instruction and outweighed by the probative value of the testimony.

Defendant's remaining claim is that his sentence should not have been imposed consecutively because the two victims were killed by a single act *(see,* Penal Law § 70.25 [2]). Since it was the separate firing of the rifle that killed each victim, consecutive sentencing was proper *(see, People v Brathwaite,* 63 NY2d 839, 842; *People v Williams,* 120 AD2d 630; *People v Nieves,* 111 AD2d 83). (Appeal from judgment of Niagara County Court, DiFlorio, J.—murder, second degree.) Present—Dillon, P. J., Green, Pine, Balio and Davis, JJ.