■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY APONTE, Appellant.—Two judgments of the Supreme Court, Bronx County (Joseph A. Cerbone, J.), rendered March 23, 1983 after separate jury trials (1) convicting defendant of the crimes of murder in the second degree, robbery in the first degree (two counts), assault in the first degree and criminal possession of a weapon in the second degree, and sentencing him to terms of imprisonment of 25 years to life on the murder count, 12½ to 25 years (two terms) on the robbery

counts, 5 to 15 years on the assault count, and 8⅓ to 25 years on the weapon count, with the homicide and assault sentences to run consecutively but otherwise concurrently with the others; and (2) convicting defendant at a separate subsequent trial of the crimes of robbery in the first degree and criminal possession of a weapon in the second degree and sentencing him to terms of imprisonment of 12½ to 25 years and 8⅓ to 25 years, respectively, with the sentence on the robbery count imposed consecutively to the 25-year-to-life sentence imposed on the murder conviction under the first judgment, both modified, on the law, to reduce the sentence on the two counts charging criminal possession of a weapon in the second degree to 5 to 15 years and, except as so modified, affirmed.

As we held on the appeal of defendant's accomplice following the latter's conviction of the same crimes encompassed in the first judgment after a joint trial with defendant, the imposition of a sentence of 8⅓ to 25 years for the counts charging criminal possession of a weapon in the second degree was unauthorized, because that crime, as defined in Penal Law § 265.03, is a class C felony *(People v Nieves,* 111 AD2d 83). Here, too, the prosecution concedes that the maximum term of imprisonment permissible for such an offense is 15 years (Penal Law § 70.00 [2] [c]).

Here again we find the intent of the sentencing court clear to impose the maximum sentence on this defendant for the two weapons offenses. Accordingly, we modify to reduce the sentence on each of those two counts to 5 to 15 years, to run concurrently with the other sentences imposed.

We have reviewed the other points raised by defendant in connection with his appeals from these two judgments and find them without merit. Concur—Murphy, P. J., Kupferman, Carro, Wallach and Smith, JJ.