THIRD DEPARTMENT, JULY, 1988

(July 7, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROZELL R. WHITEHEAD, Appellant.—Casey, J. Appeal from a judgment of the County Court of Greene County (Fromer, J.), rendered April 16, 1987, upon a verdict convicting defendant of the crimes of rape in the first degree, sodomy in the first degree, burglary in the first degree, assault in the third degree and unlawful imprisonment in the first degree.

Following a jury trial at which the victim and defendant

gave conflicting testimony, defendant was found guilty of the crimes charged in the indictment. On appeal, defendant contends that the District Attorney's cross-examination of defense witness Willie Ivery was improper and highly prejudicial. Since "[a] witness may be interrogated upon cross-examination with respect to any immoral, vicious or criminal act of his life which may affect his character and show him to be unworthy of belief, provided the cross-examiner questions in good faith and upon a reasonable basis in fact" (People v Simpson, 109 AD2d 461, 464, appeal dismissed 67 NY2d 1026), we see no error in the questions asked by the District Attorney. In any event, since the questions concerned Ivery's character and credibility, not defendant's, and since Ivery's testimony was not directly probative of defendant's guilt or innocence, we see little if any prejudicial impact on defendant. We also find no merit in defendant's contention that certain portions of his cross-examination, which were not objected to, deprived him of a fair trial.

Next, defendant maintains that County Court erred in permitting the testimony of the director of the Albany Rape Crisis Center, which was presented by the People on rebuttal. Defendant contends that the People failed to qualify the witness as an expert and to connect her testimony to the facts of the case, and that her testimony was not proper rebuttal since it did not relate to any evidence presented by defendant. Based upon the witness's testimony concerning her education, training and experience, County Court did not abuse its discretion in permitting the witness to testify as an expert regarding the rape trauma syndrome (see, People v Keindl, 68 NY2d 410, 422; People v Drake, 129 AD2d 963, 965, lv denied 70 NY2d 799, 71 NY2d 895). The witness testified that rape trauma syndrome could cause a victim to deny having been raped, which is clearly relevant to the evidence defendant presented to establish that the victim had told others she had not been raped. We note that defendant had the opportunity to cross-examine the witness, and County Court properly instructed the jury that it could accept or reject the expert testimony in whole or in part (see, People v Drake, supra, at 965).

We reject defendant's contention that the Trial Judge should have recused himself because he had been censured for statements made at another rape trial. The record discloses nothing which would establish that his "impartiality might reasonably be questioned" (22 NYCRR 100.3 [c] [1]).

As to the County Court's decision to sentence defendant as a

persistent felony offender, we agree with defendant that the court failed to particularize the grounds or reasons for its finding with sufficient clarity *(see,* Penal Law § 70.10 [2]; *People v Montes,* 118 AD2d 812, 813, *lv denied* 68 NY2d 772).

Judgment modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Greene County for resentencing; and, as so modified, affirmed. Kane, J. P., Casey, Mikoll, Harvey and Mercure, JJ., concur.