■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE V. BANKS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of rape in the second degree, sodomy in the second degree, sexual abuse in the second degree and endangering the welfare of a child. The victim, an 11-year-old girl, testified that defendant forcibly led her to an empty garage behind his home. He then raped and sodomized her.

Defendant contends that the trial court abused its discretion in admitting expert testimony on the subject of rape trauma syndrome. We disagree. Expert opinions are admissible on subjects involving professional or scientific knowledge or skill not within the ordinary training and intelligence of the average juror *(see, Matter of Nicole V.,* 71 NY2d 112, 120; *De Long v County of Erie,* 60 NY2d 296). The courts of this State have become increasingly more receptive to the admission of expert testimony regarding behaviorial responses and reactions not usually comprehended by the average juror *(see, e.g., Matter of Nicole V., supra,* at 120 [sexual abuse by parent]; *People v Aphaylath,* 68 NY2d 945, *rearg dismissed* 69 NY2d 724 [stress and disorientation suffered by Laotian refugees assimilating into American culture]; *People v Keindl,* 68 NY2d 410, *rearg denied* 69 NY2d 823 [psychological reactions of sexually abused child]; *People v Henson,* 33 NY2d 63 [battered child

syndrome]; *People v Whitehead,* 142 AD2d 745 [rape trauma syndrome]; *People v Drake,* 129 AD2d 963, *lv denied* 71 NY2d 895 [criminal psychological profiling involving the realization of sexual satisfaction from penetrating a victim by sniper activity or by stab or bite wounds]; *People v Fisher,* 73 AD2d 886, *affd* 53 NY2d 907 [phenomenon of repression]; *People v Torres,* 128 Misc 2d 129 [shaken baby syndrome]; *People v Reid,* 123 Misc 2d 1084 [rape trauma syndrome]). Here, the expert was not asked whether he believed the victim but was asked only to describe to the jury the symptoms of the syndrome and to express his opinion whether the victim suffered from rape trauma syndrome *(People v Parks,* 41 NY2d 36; *People v Reid, supra,* at 1087). Defendant had a full and fair opportunity to cross-examine the People's expert and to present opposing views and the trial court properly charged the jurors that they could accept or reject the expert testimony in whole or in part *(see, People v Drake, supra,* at 965).

We reject defendant's contention that the verdict was contrary to the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

We have reviewed defendant's remaining contentions and find them to be lacking in merit. (Appeal from judgment of Monroe County Court, Connell, J.—rape, second degree, and other charges.) Present—Doerr, J. P., Denman, Boomer, Pine and Davis, JJ.