■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR BERRIOS, Appellant.—Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J., at jury trial and sentence) rendered January 12, 1990, convicting defendant of robbery in the second degree and sentencing him as a second felony offender to a term of imprisonment of 6-to-12 years, unanimously affirmed.

Defendant's conviction arises out of his arrest for the gunpoint robbery of his disabled father's life savings, including compensation that his father had received in connection with a work-related spinal cord injury.

Defendant's claim, that he was unduly prejudiced by admis-

sion of testimony that indicated he was enrolled in a drug rehabilitation program, is without merit. Initially, it is noted that such testimony is not *per se* evidence of prior crimes, or evidence of any propensity of defendant to commit robbery, and that as a matter of law defendant failed to preserve this claim by appropriate and timely objection (CPL 470.05). In any event, the testimony in question initially consisted merely of the complainant's explanation that his money cache was revealed to defendant (his son) upon defendant's request for money allegedly to be used in connection with an unspecified "program". Thereafter, the investigating officer testified that based upon information received from defendant's father as to the circumstances surrounding the robbery, as well as recovery in the complainant's apartment of a hat belonging to defendant that was emblazoned with the name of a drug rehabilitation program, he went to the address of that program in search of defendant. In these circumstances, this limited testimony was properly admissible, despite the possibility that it might indicate prior uncharged crimes, as it was inextricably intertwined with the relevant facts herein. Thus, there was no abuse by the trial court in admitting the limited testimony for its probative value, which far outweighed any prejudice to defendant *(see, e.g., People v Vails,* 43 NY2d 364).

Likewise without merit is defendant's claim that the trial court failed to respond meaningfully to the jury's question as to whether they could find defendant guilty of robbery in the second degree if they did not find that he possessed the rifle in question. The court emphasized that the jurors were the exclusive finders of the fact and then re-read those portions of its original charge delineating the elements of the crime that the People had the burden of proving beyond a reasonable doubt before the jury could properly find defendant guilty of robbery in the second degree.

Additionally, it is noted that no objection was entered with regard to the trial court's re-reading of the elements of the robbery in the second degree count, and the jury did not request any additional clarification, although instructed by the court to do so if they had any further question. In these circumstances, the trial court clearly fulfilled its obligation to respond meaningfully to the jury's question *(see, People v Malloy,* 55 NY2d 296, *cert denied* 459 US 847).

Finally, the sentencing court's comments in response to defendant's protestation of innocence, that the evidence against defendant was "overwhelming" and that defendant was "guilty as sin", as well as his comments upon review of

the evidence that defendant's suggestion at trial that the money he took from his disabled father represented drug proceeds rather than his life savings was "blasphemy" and "a sin", do not, *per se,* indicate that the Judge's imposition of sentence herein was in any way based upon his personal religious beliefs. To the contrary, it is apparent that the sentencing court, uniquely familiar with the particularly heinous circumstances of this case, expressed as a community spokesperson and in profoundly human terms, the perceived extent of public condemnation and social outrage engendered by the criminal act for which defendant was convicted *(see, e.g., United States v Bakker,* 925 F2d 728). Additionally, there is no evidence of an abuse of discretion by the sentencing court in imposing sentence after due consideration of the circumstances of this case, defendant's probation report, his prior criminal history, and the comments of the prosecutor, defense counsel and defendant *(see, e.g., People v Junco,* 43 AD2d 266, *affd* 35 NY2d 419, *cert denied* 421 US 951). Concur —Carro, J. P., Wallach, Kupferman, Asch and Kassal, JJ.