■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YVONNE BOWLS, Appellant.—Judgment, Supreme Court, New York County (Felice Shea, J.), rendered June 11, 1990, convicting the defendant, after a jury trial, of grand larceny in the fourth degree, and sentencing her, as a second felony offender, to an indeterminate term of imprisonment of from 2 to 4 years, unanimously affirmed.

The defendant removed the victim's wallet from her pocketbook while the victim was sorting through a clothes bin in a store. When the defendant turned around and saw the store detective, she dropped the victim's wallet. When the store detective asked the victim to check her purse to see if anything was missing, the victim yelled out, "[my] purse is missing". The defendant later admitted to the store detective that she "was passing through the [store] and just did it."

Contrary to the defendant's contention, the victim's statement was properly admitted as an excited utterance *(People v Brown,* 70 NY2d 513; *People v Edwards,* 47 NY2d 493). The victim cried out instantly upon learning that her wallet was missing. The fact that the statement was made in response to an inquiry does not mandate a different result since this is " 'merely one factor bearing on spontaneity' within the meaning of the excited utterance rule" *(People v Brown, supra,* at 519, quoting *People v Edwards, supra,* at 498, n 2). The circumstances surrounding the utterance "reasonably justify the conclusion that the remarks were not made under the impetus of studied reflection" *(People v Brown, supra,* at 519, quoting *People v Edwards, supra,* at 497 [emphasis omitted]).

The defendant's claim that the store detective's testimony that she "was going to a clinic" was unduly prejudicial, is without merit. Even had this statement suggested that the defendant was a drug abuser, such testimony is not per se evidence of prior crimes *(People v Berrios,* 176 AD2d 547, *lv denied* 79 NY2d 824). In any event, proof of the defendant's guilt was overwhelming, and thus any error was harmless *(People v Crimmins,* 36 NY2d 230). Concur—Milonas, Rosenberger, Ross and Smith, JJ.

Murphy, P. J., concurs in a separate memorandum as follows: In response to the detective's question whether anything was missing from her purse, the complainant responded by saying "[my] purse is missing." The statement, in answer to

the question, is not an excited utterance. However, the error of its admission as such was harmless when viewed in light of all the evidence, and under the circumstances, the judgment should be affirmed.