■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD SERRANO, Appellant. [684 NYS2d 1] —Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered June 6, 1983, convicting defendant, after a jury trial, of murder in the second degree, assault in the first degree, robbery in the first degree, criminal possession of a weapon in the second degree and assault in the second degree, and sentencing him to consecutive terms of 25 years to life on the murder conviction and 5 to 15 years on the first-degree assault conviction, to run concurrently to terms of 8⅓ to 25 years on the robbery conviction, 5 to 15 years on the weapon possession conviction and 2⅓

to 7 years on the second-degree assault conviction, unanimously affirmed.

The evidence of guilt was legally sufficient and the verdict was not against the weight of the evidence. The jury saw and heard the witnesses and resolved any inconsistencies or credibility issues against defendant, and we see no reason to disturb the verdict.

By affirmatively agreeing to redaction as the proper remedy for the *Bruton* problem raised in his motion to sever, and by failing to otherwise object when the nontestifying codefendant's redacted statement and confession were read into evidence, defendant expressly waived and failed to preserve for appellate review his claim that the court violated his right of confrontation by admitting that evidence at trial (*see, People v Aramas*, 250 AD2d 478, *lv denied* 92 NY2d 922), and we decline to review it in the interest of justice. Were we to reach this issue, we would find that the redactions and the court's instructions prevented any possible prejudice.

By remaining silent while the court reviewed the verdict sheet with the jury and submitted the annotated verdict sheet to the jury, defendant implicitly consented to the submission of the verdict sheet (*see, People v Daniels*, 244 AD2d 867, *lv denied* 91 NY2d 971).

The court properly imposed consecutive sentences for the murder and first-degree assault convictions. Although the murder victim and the first-degree assault victim were both wounded during defendant's initial firing of a machine gun, defendant then returned to shoot the murder victim again as that victim was lying injured on the ground. This clearly constituted a separate and distinct act sufficient for the imposition of consecutive sentences (*see*, Penal Law § 70.25 [2]; *People v Laureano*, 87 NY2d 640, 643; *People v Nieves*, 111 AD2d 83, *lv denied* 65 NY2d 984).

We perceive no abuse of sentencing discretion. Concur—Nardelli, J. P., Wallach, Rubin and Williams, JJ.