■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MAISONET, Appellant. [751 NYS2d 13] —Judgment, Supreme Court, Bronx County (Stephen Barrett, J.), rendered November 21, 2000, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues of credibility, including the weight to be given the backgrounds of the People's witnesses, were properly considered by the trier of facts and there is no basis for disturbing its determinations (*see People v Gaimari*, 176 NY 84, 94).

The court properly exercised its discretion in admitting a brief reference to defendant's participation in a "detox program." This evidence was closely intertwined with other evidence of an argument between defendant and his child's mother that was highly relevant to the issue of motive. Furthermore, the evidence was not unduly prejudicial (*see People v Bowls*, 185 AD2d 116; *People v Berrios*, 176 AD2d 547, *lv denied* 79 NY2d 824).

Defendant has failed to preserve for appellate review his contention that the admission, at this joint trial, of his codefendant's statement to a witness violated his right of confrontation. Before the witness testified, it was agreed by defendant, the People and the court that anything that would incriminate defendant would be redacted from the codefendant's statement. However, when the witness testified, defendant did nothing to call the court's attention to his present claim that he was indirectly implicated by a brief remark contained in the codefendant's statement. Accordingly, this claim is unpreserved (*see People v Serrano*, 256 AD2d 175, *lv denied* 93 NY2d 878; *see also People v Whalen*, 59 NY2d 273, 280), and we decline to review it in the interest of justice. Were we to review this claim, we would find that although the challenged comment should have been excluded, the error was harmless (*see People v Hamlin*, 71 NY2d 750, 758-759; *see also Cruz v New York*, 481 US 186).

We perceive no basis for reducing the sentence. Concur—Williams, P.J., Nardelli, Ellerin, Rubin and Marlow, JJ.