OPINION OF THE COURT
Richard Lee Price, J.
By motion submitted July 24, 2013, defendant moves to vacate his sentence pursuant to Criminal Procedure Law § 440.20, on the basis that it violates the Eighth Amendment of the United States Constitution. After review of the motion papers, papers on file with the court, and prior court proceedings, defendant’s motion is denied.
I. Background and Procedural History
On March 23, 1983, judgment was entered against the defendant in Supreme Court, Bronx County (Cerbone, J.), convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [3]), robbery in the first degree (Penal Law § 160.15 [2]) (two counts), assault in the first degree (Penal Law § 120.10 [1]), and criminal possession of a weapon in the second degree (Penal Law § 265.03). Upon his conviction, defendant was sentenced as follows: a term of life imprisonment with a mandatory minimum period of 25 years (murder conviction); a consecutive indeterminate term of 15 years’ imprisonment with a mandatory minimum period of five years (assault conviction); a concurrent indeterminate term of 25 years’ imprisonment with mandatory minimum period of 12x/2 years (each robbery conviction); a concurrent indeterminate term of 25 years’ imprisonment with a mandatory minimum period of 8V3 years (criminal possession of a weapon conviction).
Also on March 23, 1983, the defendant was sentenced under indictment No. 1254-1982 to an aggregate indeterminate term of 25 years’ imprisonment with mandatory minimum period of I2V2 years, imposed consecutively to the life term imposed under indictment No. 765-1982.
Finally, on June 27, 1983, defendant was sentenced on his conviction for attempted murder under indictment No. 770-1982 to an indeterminate term of 25 years’ imprisonment with a mandatory minimum period of 8V3 years.
On direct appeal of his conviction under indictment No. 765-1982 to the Supreme Court of the State of New York, Appellate *870 Division, First Department, defendant claimed that: (1) his indictment and trial were premised upon an illegal arrest; (2) his placement in a lineup violated his constitutional rights; (3) the alleged murder weapon should not have been received in evidence; (4) his guilt was not established beyond a reasonable doubt; and (5) the imposed sentence should be reduced.
On April 14, 1987, the Appellate Division modified defendant’s judgment of conviction by reducing the unauthorized sentence imposed on the criminal possession of a weapon to an indeterminate term of 15 years with a mandatory minimum period of five years. His judgment of conviction was affirmed in all other respects (People v Aponte, 129 AD2d 461 [1st Dept 1987]). On April 27, 1988, the Court of Appeals denied defendant’s application for leave to appeal from the Appellate Division (People v Aponte, 71 NY2d 966 [1988, Hancock, J.]).
On August 8, 1996, defendant moved the Supreme Court, Dutchess County (Hillery, J.) to vacate his judgment of conviction pursuant to CPL 440.10. On December 16, 1996, Justice Hillery denied defendant’s motion in its entirety.
On August 6, 1998, defendant moved the Supreme Court, Bronx County (Cerbone, J.) to vacate his judgment of conviction pursuant to CPL 440.10 asserting the same claims. On March 8, 1999, defendant submitted a supplemental affirmation claiming that his codefendant, Phillip Nieves, in a letter to defendant’s attorney, confessed to the robbery and murder. On April 26, 1999, Justice Cerbone denied defendant’s motion in its entirety.
In motion papers dated March 28, 2000, defendant sought a certificate granting him leave to appeal the denial of his CPL 440.10 motion. By order entered June 20, 2001, the Appellate Division denied his application.
On July 13, 2001, defendant, through counsel, filed a habeas petition with regard to indictment No. 765-1982 in the Southern District of New York. On March 11, 2002, the Southern District dismissed defendant’s petition (Aponte v Artuz, 2002 WL 1205742, 2002 US Dist LEXIS 4410 [SD NY, Mar. 11, 2002], No. 01-Civ-6404 [SHS] [JCF]).
Defendant now moves pro se to vacate his sentence pursuant to CPL 440.20, asserting that the adult sentence imposed violates the Eighth Amendment of the United States Constitution, specifically its ban against cruel and unusual punishment, on the basis that he was 17 years old at the time his crimes were committed.
*871 II. Discussion
To prevail on a motion to vacate the sentence, the defendant must establish that his sentence “was unauthorized, illegally imposed or otherwise invalid as a matter of law” (CPL 440.20 ). Defendant cannot, and does not, claim that his sentence was unlawful or otherwise improperly imposed. Indeed, he concedes that in 1982, when he committed the crimes for which he was convicted, he was correctly sentenced as an adult. Defendant asserts, however, that the imposed sentences have since been rendered illegal or invalid as a matter of law. He suggests that because New York presently deems a person 17 years of age a juvenile offender, an authorized sentence may not exceed a term of life imprisonment with a minimum mandatory period of nine years. He is wrong.
It is correct that such a sentence is authorized for juvenile offenders (see Penal Law § 70.05 [2] [a]; [3] [a]). But the defendant was not a juvenile offender. CPL 1.20 (42) defines “juvenile offender” as a person who is 13 to 15 years of age, which is precisely what it was in 1982. And, as it relates to the felony murder conviction (Penal Law § 125.25 [3]), CPL 1.20 (42) limits a juvenile offender to individuals 14 and 15 years of age. At age 17, then, the defendant was clearly not a juvenile offender.*
Defendant further claims his sentence violates the Eighth Amendment and its ban on cruel and unusual punishment. He argues that being 17 years of age, and not yet an adult, the length and severity of his sentence was both flawed and inaccurate. A duly enacted statute enjoys a strong presumption of validity (People v Pagnotta, 25 NY2d 333 [1969]; Wasmuth v Allen, 14 NY2d 391 [1964]). To successfully challenge its constitutionality, at least in the context of a sentencing statutory scheme, a defendant would need to present clear evidence that it does not contemplate a youthful age (see e.g. Pagnotta, 25 NY2d at 337). He is entirely unable to do so.
First, and most saliently, the legislature must have recognized that an individual’s youthfulness should be considered for purposes of sentencing, otherwise it would not have specifically created a “juvenile offender” designation. In so doing, it was *872 apparently determined that a person 17 years of age possesses sufficient maturity to be sentenced as an adult (see e.g. Wasmuth, 14 NY2d at 397; I. L. F. Y. Co. v Temporary State Hous. Rent Commn., 10 NY2d 263, 269 [1961]; United States v Juvenile Male, 2013 WL 461220, *1, 2013 US Dist LEXIS 30216, *1-4 [ED NY, Jan. 30, 2013, No. 11 CR 717 (JFB)]). As noted, that designation was in effect in 1982, and remains so today.
In support of his claim, defendant relies on Miller v Alabama (567 US —, 132 S Ct 2455 [2012] [unconstitutional to impose life imprisonment without parole on a defendant under the age of 18]), Graham v Florida (560 US 48 [2010] [unconstitutional to impose life imprisonment on a juvenile offender convicted of a non-homicide offense]), and Roper v Simmons (543 US 551 [2005] [unconstitutional to impose death on a defendant under the age of 18]). Such reliance is entirely misplaced. Although both Miller and Graham held it was unconstitutional to impose life without parole on a person under the age of 18, the defendant received no such sentence. In fact, he is parole eligible. No doubt he is unhappy over the prospect that the aggregate mandatory minimum periods of imprisonment may preclude him from ever being paroled, he nevertheless remains eligible for it. As for his reliance on Roper, defendant was obviously never exposed to the imposition of a death sentence.
Moreover, the People correctly argue that defendant fails to prove the sentencing statute violates the Eighth Amendment as it applies to him, i.e., sentencing him as an adult when he was 17 at the time he committed the crime of felony murder is cruel and unusual punishment. As they point out, the claim that age, by itself, would prevent the imposition of a sentence for an A-I felony pursuant to Penal Law § 70.00 (2) (a) and (3) (a) (i) on the basis of cruel and unusual punishment has been rejected (.People v Thompson, 83 NY2d 477 [1994] [defendant 17 years of age sentenced on an A-I drug sale conviction did not implicate the Eighth Amendment]). In assessing whether a sentencing structure is cruel or unusual, courts consider factors such as rehabilitation, deterrence, and recidivism (Thompson, 83 NY2d at 477; People v Broadie, 37 NY2d 100 [1975]). The Court of Appeals, in addressing these factors, summarized them as
“(1) the gravity of the offense, primarily in terms of the harm it causes society, but also in comparison with punishments imposed for other crimes in this State as well as with punishments for the same or similar crimes in other jurisdictions; and (2) the *873 character of the offender and the gravity of the threat he [or she] poses to society” (Thompson at 480 [internal quotation marks and citations omitted]).
Applying these factors, nothing here evinces that the imposed sentence was in any manner disproportionate or incommensurate with the crimes he committed. The defendant was convicted of engaging in a crime spree where he murdered the victim by shooting him in the chest, and committed two armed robberies. True, the defendant was only 17 years of age at the time. But as the People note, the havoc he wreaked, the brutality he savagely inflicted on others, and the methodical execution of his victim exudes an abject depravity unparalleled by adults of any age. Considering that he had no difficulty serving notice on society of his unfitness to live within it, characterizing the imposed sentence as anything other than justifiably appropriate is simply incomprehensible.
III. Conclusion
For the reasons stated above, this court finds that defendant’s sentence was lawful and valid as a matter of law, and did not violate the Eighth Amendment of the United States Constitution. Defendant’s motion to vacate his judgment of conviction pursuant to Criminal Procedure Law § 440.20 is therefore denied in all respects.
The clerk of the court is directed to forward a copy of this decision to the defendant at his place of incarceration.

 The People also note that the defendant would not have been eligible for youthful offender treatment because murder in the second degree (Penal Law § 125.25 [3]) was, and is, a class A-I felony (Penal Law § 125.25; CPL 720.10 [2] [a]). Citing People v Drayton (39 NY2d 580 [1976]), they indicate that because the status of “youthful offender” is a legislatively created benefit, it carries no constitutional guarantees.