■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH D. STORY, Appellant.—Yesawich Jr., J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered May 4, 1990, upon a verdict convicting defendant of the crime of rape in the first degree.

Following a jury trial at which the victim and defendant, by whom the victim had a child several years earlier, gave conflicting testimony regarding consent, defendant was found guilty of first degree rape and sentenced to an indeterminate prison term of 6 to 18 years. On appeal, defendant contends that County Court committed reversible error in permitting the prosecutor, over defense counsel's objection, to put before the jury expert testimony that the victim's behavior was consistent with rape trauma syndrome.

Defendant recognizes that the "introduction of expert testimony describing rape trauma syndrome may under certain circumstances assist a lay jury in deciding issues in a rape trial" *(People v Taylor,* 75 NY2d 277, 289). He argues, however, that in the case at hand expert testimony was improperly admitted to prove that the crime occurred. We find no reversible error and so affirm.

Admission of the expert's testimony describing the rape trauma syndrome was perfectly proper insofar as it was introduced to aid the jury in assessing the victim's delay in reporting the alleged rape to the police, a delay emphasized by the defense in its earlier cross-examination of the victim *(see, supra,* at 292-293). We also note that defendant had ample opportunity to cross-examine the expert and that County Court properly instructed the jury regarding the expert's testimony *(see, People v Whitehead,* 142 AD2d 745, 746).

Defendant does, however, convincingly urge that the expert's conclusion that the victim's behavior was consistent with symptoms commonly associated with rape trauma syndrome, namely, her sleeplessness, flashbacks, fear, self-blame and difficulty touching her boyfriend, was error in that it clearly implied that "because the complainant exhibited these symptoms, it was more likely than not that she had been forcibly raped" *(People v Taylor, supra,* at 284; *cf., People v Bennett,* 169 AD2d 369, *lv granted* 78 NY2d 1016). But this did not constitute reversible error for any prejudice resulting therefrom was dissipated by County Court's careful instructions to the jury, both during the expert's testimony and in its charge. The court instructed that such testimony was "to be received * * * not as evidence that a forcible rape occurred but rather to aid the jury in its consideration of [the victim's] behavior in the aftermath of the alleged rape". Moreover, given the overwhelming evidence of defendant's guilt (defendant signed a written confession which the jury was at liberty to credit), there is no significant probability that he would have been acquitted had it not been for the admission of this portion of the expert's testimony *(see, People v Crimmins,* 36 NY2d 230, 242).

Casey, J. P., Weiss, Mikoll and Levine, JJ., concur. Ordered that the judgment is affirmed.