■ The People of the State of New York, Respondent, v Thomas Ocean, Appellant. [739 NYS2d 735] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered September 8, 1999, as amended September 23, 1999, convicting him of sexual abuse in the first degree (two counts) and endangering the welfare of a child (two counts), upon a jury verdict, and sentencing him to indeterminate terms of 2 to 6 years' imprisonment on each count of sexual abuse in the first degree, to run consecutively to each other, and determinate terms of one year imprisonment on each count of endangering the welfare of a child, to run concurrently with each other and concurrently with the terms of imprisonment for the convictions of sexual abuse in the first degree. By decision and order of this Court dated November 13, 2001, the matter was remitted to the Supreme Court, Kings County, to hear and report on the issue of whether the hospital records of the minor complainant and her brother were exhibited to the grand jury, and the appeal was held in abeyance in the interim. No other issues were decided at that time (*see, People v Ocean,* 288 AD2d 330). The Supreme Court, Kings County (Tomei, J.), has now filed its report.

Ordered that the judgment, as amended, is modified, on the law, by reducing the term of imprisonment imposed on the conviction of sexual abuse in the first degree under the ninth count of the indictment from an indeterminate term of 2 to 6 years' imprisonment to an indeterminate term of 2 to 4 years' imprisonment; as so modified, the judgment, as amended, is affirmed.

We agree with the Supreme Court's factual finding, after conducting a review of the original transcript of the grand jury minutes, and sworn affidavits of the grand jury reporters, that there is no evidence that the medical records of the minor complainant and her brother were exhibited to the grand jury.

On three separate occasions during the trial, the People's expert psychologist essentially testified that it was "almost impossible" for a child of the minor complainant's age to be "coached." The defendant's argument that reversible error took place because this testimony improperly bolstered the minor complainant's testimony is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Naranjo,* 194 AD2d 747, 748). In any event, his argument is without merit. When the testimony was elicited on direct examination, the trial court promptly struck the question and answer, and properly instructed the jury to disregard it. On cross-examination, defense counsel opened the door to this issue, thereby allowing the prosecutor to ask questions on the subject on redirect examination.

The defendant's present challenges to various remarks by the prosecutor during summation are not preserved for appellate review (*see,* CPL 470.05 [2]). In any event, the challenged comments "were either within the bounds of permissible rhetorical comment afforded counsel during summation, responsive to the defendant's summation, constituted fair comment on the evidence, or related to matters which were fairly inferable from the evidence" (*People v Turner,* 214 AD2d 594).

However, as correctly conceded by the People, the term of imprisonment imposed on the defendant's conviction of sexual abuse in the first degree stemming from the incident which took place during December 1995 must be reduced. Since the crime was committed after October 1, 1995, the maximum sentence imposed on this conviction may only be double the minimum sentence, not triple (*see,* Penal Law § 70.02 [4], as amended by L 1995, ch 3, § 4). Since the record is clear that the sentencing court sought to impose a minimum sentence of two years on this conviction, we modify the judgment, as amended, by reducing the sentence imposed on this conviction to a term of 2 to 4 years' imprisonment.

The sentence, as modified, is not excessive (*see, People v Suitte,* 90 AD2d 80). Altman, J.P., Krausman, Goldstein and Crane, JJ., concur.