■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAN-AMER TORRES, Appellant. [770 NYS2d 622]—

Judgment, Supreme Court, New York County (Ronald Zweibel, J.), rendered June 2, 1998, convicting defendant, after a jury trial, of rape in the first and second degrees and endangering the welfare of a child, and sentencing him to concurrent terms of 12½ to 25 years, 2⅓ to 7 years and 1 year, respectively,

and order, same court and Justice, entered on or about October 15, 2002, which denied defendant's motion to vacate the judgment, unanimously affirmed.

Defendant's challenge to a portion of the People's redirect examination of their expert witness is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that defendant's cross-examination of the expert opened the door for questioning on redirect examination as to whether the medical findings were consistent with consensual sex (see People v Melendez, 55 NY2d 445, 451-452 [1982]). In any event, the expert's answer did not usurp the jury's function (see People v Lee, 96 NY2d 157, 162 [2001]).

The record establishes that defendant received effective assistance (see People v Benevento, 91 NY2d 708, 713-714 [1998]; People v Hobot, 84 NY2d 1021, 1024 [1995]; see also Strickland v Washington, 466 US 668 [1984]). Trial counsel's failure to make various objections did not deprive defendant of a fair trial or prejudice his defense.

We perceive no basis for reducing the sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Ellerin, Williams and Gonzalez, JJ.