THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALONZO BROWN, Appellant. [777 NYS2d 508]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered June 17, 2002, convicting him of rape in first degree, sodomy in the first degree, sexual abuse in the first degree (three counts), and burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the Supreme Court correctly denied that branch of his motion which was to compel the complainant to submit to a psychiatric examination by a defense expert. It is well settled that a criminal defendant has no statutory or constitutional right to compel a complainant to undergo a pretrial psychological examination (*see Matter of Brown v Blumenfeld,* 296 AD2d 405 [2002]; *People v Kemp,* 251 AD2d 1072 [1998]). While a court may possess the discretion to permit such an examination under appropriate circumstances, the defendant failed to demonstrate that such circumstances

were present here (*see People v Earel*, 89 NY2d 960 [1997]; *People v Jones*, 287 AD2d 339 [2001]).

The defendant contends that the Supreme Court erred in permitting the prosecutor to elicit expert testimony concerning the complainant's mental state. It is uncontroverted that the complainant was developmentally disabled, and thus the prosecution was properly permitted to adduce expert testimony to help the jury understand the complainant's intellectual limitations. As a general proposition, expert testimony is properly admitted to help lay jurors understand matters that are not ordinarily within their understanding (*see People v Brown*, 97 NY2d 500, 510 [2002]; *People v Lee*, 96 NY2d 157, 162 [2001]). In sex crime prosecutions, expert testimony may be received on the manifestations of rape-trauma syndrome, to explain, inter alia, seemingly unusual behavior following the traumatic event (*see People v Carroll*, 95 NY2d 375, 387 [2000]; *People v George*, 277 AD2d 327 [2000]). However, expert testimony may not be received when "it inescapably bears solely on proving that a rape occurred" (*People v Taylor*, 75 NY2d 277, 293 [1990]; *see also People v Graham*, 251 AD2d 426 [1998]; *People v Shay*, 210 AD2d 735 [1994]).

In this case, the testimony of the prosecution's expert began innocuously, as it was intended to help the jury understand the complainant's intellectual limitations in the aftermath of the crime (*see People v Carroll, supra; People v Story*, 176 AD2d 1080 [1991]). The defense counsel, however, pointedly cross-examined the expert as to the complainant's truthfulness, and whether she was capable of fabricating the accusations brought against the defendant; the expert ultimately was forced to concede that any human could lie. On redirect examination, the prosecutor thus sought to rehabilitate the complainant's credibility by inquiring whether the complainant was capable of fabricating such an elaborate lie, to "make up all the little details to tell a convincing lie . . . and maintain it over a period of time." The expert opined that the victim was intellectually incapable of doing so.

On appeal, the defendant contends that the expert thus impermissibly vouched for the complainant's veracity. However, as the trial court properly observed, the defense counsel opened the door to this challenged testimony (*see People v Torres*, 3 AD3d 433 [2004]; *People v Martinez*, 1 AD3d 611 [2003], *lv denied* 1 NY3d 598 [2004]; *People v Ocean*, 292 AD2d 545 [2002]; *People v Koury*, 268 AD2d 896 [2000]). In any event, in light of the overwhelming evidence of guilt, including the complainant's immediate identification of the defendant after directing police

to his door, the gynecological medical evidence establishing that her physical condition was consistent with forcible rape, and the recovery of the defendant's DNA from vaginal slides in the rape kit, the admission of the expert testimony, even if improper, was harmless error (*see People v Story, supra; see also People v Morales,* 227 AD2d 648 [1996]; *People v Anderson,* 260 AD2d 387 [1999]).

The defendant's remaining contentions are without merit. Ritter, J.P., S. Miller, Adams and Cozier, JJ., concur.