Thomas OCEAN, Petitioner–Appellant,

v.

Raymond J. CUNNINGHAM, Respondent–Appellee.

No. 04–0180.

United States Court of Appeals, Second Circuit.

Jan. 25, 2005.

Andrew D. Greene, Lake Success, NY, for Appellant.

Camille O'Hara Gillespie, Assistant District Attorney (Charles J. Hynes, District Attorney, Kings County, and Leonard Joblove and Amy Appelbaum, Assistant District Attorneys, on the brief), Brooklyn, NY, for Appellee.

Present: WALKER, Chief Judge, CARDAMONE, and HALL, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the district court is **AFFIRMED.**

In 1999, Thomas Ocean was convicted by a jury in New York state court of sexually abusing his former girlfriend's preadolescent daughter. Ocean directly appealed his conviction and, in 2002, secured a reduction in his sentence from the New York Appellate Division. *People v. Ocean,* 292 A.D.2d 545, 739 N.Y.S.2d 735 (N.Y.App. Div.2002). The New York Court of Appeals denied him leave to appeal. *People v. Ocean,* 98 N.Y.2d 700, 747 N.Y.S.2d 419, 776 N.E.2d 8 (2002). Ocean then petitioned the United States District Court for the Eastern District of New York (Jack B. Weinstein, *Judge*) for a writ of habeas corpus. The district court denied Ocean's petition but issued a certificate of appealability. *Ocean v. Cunningham,* No. 02–CV–6357, 2003 WL 23185750, at *14, 2003 U.S. Dist. LEXIS 24132, at *41 (E.D.N.Y. Oct. 28, 2003). Ocean argues before this court that the New York trial court wrongly admitted certain expert testimony and that the prosecutor improperly referred to that testimony in his summation, thereby denying Ocean his constitutional right to a fair trial.

When Ocean raised the same constitutional claims on direct review before the New York Appellate Division, that court found them to be unpreserved for appellate review. *Ocean,* 739 N.Y.S.2d at 736. The New York court's finding that Ocean's claims were procedurally defaulted because he did not comply with the state's contemporaneous-objection rule, N.Y.Crim. Proc. Law § 470.05, is an independent and adequate state ground that bars a federal court from granting habeas relief unless Ocean can demonstrate (1) cause for the default and prejudice from the alleged violation of federal law, or (2) that a miscarriage of justice will result if his claims are not considered. *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Ocean has neither demonstrated cause and prejudice, nor demonstrated that a miscarriage of justice will result if we do not consider his claims. Accordingly, we find that the district court properly denied Ocean's habeas petition.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**