■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD DONALDSON, Appellant. — Appeals by defendant from two judgments of the Supreme Court, Queens County (Agresta, J.), both rendered November 19, 1981, convicting him of robbery in the first degree and burglary in the second degree, upon a jury verdict, and of manslaughter in the first degree, upon his plea of guilty, and imposing sentences.

Judgments affirmed.

On March 21, 1980, Myrtle De Hart, an elderly woman, was brutally attacked in the home in which she lived with her children and grandchildren. She had been repeatedly stabbed and cut with various kitchen utensils and was subject to severe blows to the head caused by blunt objects, including a hammer. She was found dead, lying in a pool of blood, that same day, by her son-in-law. Missing from the house after this incident was a sum of cash and some jewelry belonging to both Myrtle De Hart and her daughter.

Adriene Geiger testified at trial that she saw defendant shortly after the above incident took place, and that he had blood on his shirt sleeve. Later that day, while Geiger was at defendant's sister's house, defendant arrived and dumped the contents of a bag containing jewelry onto the bed. The jewelry was that which belonged to Myrtle De Hart and her daughter. Defendant also emptied his pockets, which contained the approximate amount of cash taken from the De Hart household.

After the police responded to the call when Mrs. De Hart was found dead, the house was dusted for fingerprints. A print was recovered in the stairwell leading from the basement to the kitchen, which matched a known print belonging to defendant. The police officer who lifted the print was permitted to testify as an expert, over defense counsel's objection, that in his opinion, the finger of the person who left the fingerprint was wet at the time the impression was made. March 21, 1980 was a rainy day, and the fact that the hand was wet at the time the print was left was further support for the inference that defendant was in the house on that particular day, rather than at some prior time.

The De Hart house was burglarized about three to four months prior to this incident, and the police did not dust for fingerprints on that occasion. Defendant argued that perhaps his fingerprint was left in the house from this prior burglary, rather than the one that occurred on March 21, 1980. However, at the conclusion of the jury trial, defendant was convicted of robbery in the first degree and burglary in the second degree. Thereafter defendant pleaded guilty to manslaughter in the first degree to cover an unrelated indictment.

We now affirm defendant's conviction as we find that the facts from which the inference of guilt was drawn excluded to a moral certainty every other hypothesis which the evidence could reasonably support (*People v Cleague,* 22 NY2d 363). The mere fact that defendant had exclusive possession of the fruits of the crime, so shortly after it occurred, creates an inference of guilt. The possession was unexplained, and thus constitutes prima facie evidence of criminality (see *People v Shurn,* 69 AD2d 64; see, also, *People v Reisman,* 29 NY2d 278; *People v Colon,* 28 NY2d 1).

Also supportive of defendant's conviction was the fact that his fingerprint was found at the scene of the crime (see *People v Pena,* 99 AD2d 846; *People v Hall,* 89 AD2d 898; *People v Bullard,* 59 AD2d 786). We find that the trial court properly exercised its discretion when it found the police officer qualified to render an expert opinion that defendant had water on his hand at the time the impression was left on the wall (*Meiselman v Crown Hgts. Hosp.,* 285 NY 389). Practical experience may properly substitute for academic training in determining whether an individual has acquired the training necessary to be qualified as an expert. We note that the officer did participate in some academic courses which included a study of fingerprints, even though he did not actually receive a degree in the area. The officer testified that in the course of his duties he had lifted thousands of fingerprints.

Finally, there is no merit to defendant's argument that his sentence was excessive because he had to serve it consecutively with his sentence on a plea of guilty to an unrelated crime of manslaughter in the first degree (see Penal Law, § 70.25; *People v Walsh,* 44 NY2d 631). Gibbons, J. P., O'Connor, Niehoff and Lawrence, JJ., concur.