■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLIE CURRY, Appellant.—Judgment of the Supreme Court, New York County (Frederic Berman, J., at trial and sentence), rendered December 2, 1985, convicting defendant, after jury trial, of criminal possession of a controlled substance in the fifth degree and sentencing him, as a predicate felon, to an indeterminate term of from 3½ to 7 years' imprisonment, unanimously affirmed.

This prosecution for criminal possession of a controlled substance in the fifth and seventh degrees (Penal Law §§ 220.06, 220.03) arises out of defendant's possession of 59 envelopes containing the narcotic drug phencyclidine (PCP). The record reveals that the court did not abuse its discretion in accepting into evidence the testimony of a police chemist who had analyzed the substance taken from defendant. The witness testified as an expert in the chemical analysis of controlled substances, based upon his testimony that he had performed more than 1,200 tests for PCP during his 13 years as a police laboratory chemist and, though both practical experience and academic study, was skilled in chemical analysis (*People v Cronin,* 60 NY2d 430, 433; *Meiselman v Crown Hgts. Hosp.,* 285 NY 389; *People v Donaldson,* 107 AD2d 758).

Equally devoid of merit is defendant's contention that the evidence at trial was legally insufficient to prove, beyond a reasonable doubt, that the substance defendant possessed was in fact PCP. The police chemist's expert testimony that he personally administered a series of definitive tests to each envelope to determine its contents provided reliable grounds for the jurors to conclude that the substance possessed by the defendant was PCP (*People v Contes,* 60 NY2d 620; *People v Mosley,* 112 AD2d 812, 814, *affd* 67 NY2d 985).

Defendant's remaining contention that the court's charge usurped the jury's function of weighing and evaluating the chemist's testimony was not preserved as a matter of law, and we therefore decline to reach it (CPL 470.05 [2]). Were we to consider it in the interest of justice, however, we would nonetheless affirm, finding it to be without merit. Concur—Sullivan, J. P., Asch, Kassal, Smith and Rubin, JJ.