■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNISTON GILL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bianchi, J.), rendered May 3, 1988, convicting him of rape in the third degree (two counts), sexual abuse in the third degree (two counts) and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to establish his guilt beyond a reasonable doubt inasmuch as the testimony of the victim was allegedly inconsistent, contradictory and incredible. However, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Resolution of issues of credibility, including the credibility of the victim, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The alleged instances of prosecutorial misconduct during the cross-examination of the defendant, who testified on his own behalf, are unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Watts,* 154 AD2d 723, 724; *People v Fisher,* 148 AD2d 628, 629). The allegedly improper comments made

by the prosecutor during summation are also unpreserved for appellate review *(see, People v Winfield,* 154 AD2d 725; *People v Fisher, supra; People v Flores,* 139 AD2d 525, 526). In any event, the defendant's contentions are without merit. Lawrence, J. P., Eiber, Balletta and Ritter, JJ., concur.