■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNEL VANIER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered May 21, 1990, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find that the trial court did not err in refusing to charge manslaughter in the second degree as a lesser included offense of murder in the second degree since no reasonable view of the evidence supported such a charge *(see, People v Glover,* 57 NY2d 61; *People v Green,* 143 AD2d 768; *People v Tisdale,* 129 AD2d 749; *People v Jones,* 120 AD2d 747). At trial, a witness testified that the defendant was told a few days prior to the murder that the deceased, Dwayne Cheatham, had taken money from the defendant. The witness testified that the defendant cut a piece of wire from an electrical fan and went downstairs when he heard that Cheatham had arrived at the

building. Another witness testified that the defendant ordered Cheatham up to the fourth floor at knifepoint where he put a wire around Cheatham's neck. The defendant pulled on the wire, choking Cheatham. When the wire broke, the defendant retied it. The defendant told the witness, "He's got to go". Both witnesses heard a body being dragged to the roof whereupon the defendant was seen returning from the roof. The defendant told one of the witnesses that another woman would be "dead next" if she "said anything". Cheatham's body was found under a refrigerator in the building next door. The body was wrapped with a wire. An autopsy report revealed the cause of death to be strangulation.

The defendant's argument with respect to the hearing court's refusal to suppress certain statements is unpreserved for appellate review (see, CPL 470.05 [2]; *People v Volpe*, 60 NY2d 803). In any event, the defendant's argument is academic since none of these statements were introduced at trial.

We have examined the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit. Thompson, J. P., Harwood, Lawrence and Miller, JJ., concur.