■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MAYMI, Appellant. [603 NYS2d 862] —Judgment, Supreme Court, New York County (Richard Failla, J.), rendered July 2, 1991, which convicted defendant, after a jury trial, of rape in the first degree, and sentenced him, as a second felony offender, to a term of imprisonment of 6½ to 13 years, unanimously affirmed.

The expert testimony regarding rape trauma syndrome was admissible to assist the jury in understanding why the victim told her boyfriend about the rape the day after it occurred but had refrained from telling her mother and the police until two weeks later as consistent with "patterns of response exhibited by rape victims" *(People v Taylor,* 75 NY2d 277, 293), and was not admitted for purposes of bolstering the victim's testimony. The testimony also assisted the jury by explaining that the victim experienced psychological stress which was not apparent from her testimony. Thus, it supplied the jury with an explanation as to why someone who had been raped appeared to act in a manner inconsistent with the alleged incident *(People v Van Loan,* 179 AD2d 885, 886, *lv denied* 79 NY2d 1008). In any event, any prejudice was dissipated when the court instructed the jury, both after the expert finished testifying and in its main charge, that the testimony was not offered for the truth of the allegations *(People v Story,* 176 AD2d 1080, 1081, *lv denied* 79 NY2d 864).

We have considered defendant's other claims and find them to be without merit. Concur—Murphy, P. J., Carro, Ellerin and Nardelli, JJ.