■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDALL SMITH, Appellant. [610 NYS2d 190] —Judgment, Supreme Court, Bronx County (Irene Duffy, J.), rendered September 4, 1991, convicting defendant, after a jury trial, of rape in the first degree, sodomy in the first degree, and sexual abuse in the first degree, and sentencing him to three concurrent terms of 2⅓ to 7 years, unanimously affirmed.

Because defendant failed to object, and instead acquiesced, in the qualification of the People's medical expert and the scope of her testimony, and declined the opportunity to call either the examining physician or his own expert, his claims concerning the expert's testimony and the People's failure to call the examining physician are not preserved for appellate review as a matter of law (CPL 470.05 [2]), and we decline to review them in the interest of justice. If we were to reach defendant's claims, we would find that the trial court did not abuse its discretion in qualifying the witness as a medical expert *(People v Rice,* 159 NY 400, 410), and that her testimony was properly admitted to establish how a child could be raped without suffering physical injury and was not offered to prove that the victim was raped *(People v Taylor,* 75 NY2d 277, 288, 293; *People v Bennett,* 79 NY2d 464, 473). The redacted "911" tape was also properly admitted as a "prompt outcry" exception to the hearsay rule *(see, People v McDaniel,* 81 NY2d 10, 16-17). We have considered defendant's remaining claims and find them to be without merit. Concur—Carro, J. P., Rosenberger, Ross, Asch and Tom, JJ.