■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS RIVERA, Appellant. [654 NYS2d 147] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered May 15, 1995, convicting him of criminal possession of stolen property in the fourth degree, grand larceny in the fourth degree, unauthorized use of a vehicle in the third degree, criminal mischief in the fourth degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested after he left the scene of an automobile accident on September 21, 1994. Two screwdrivers and a pair of vice-grip pliers were recovered from the defendant. The cylinders of both the passenger door lock and of the ignition were missing from the car the defendant had been

driving. At trial, over the defendant's objection, the court permitted the arresting officer to testify as an expert on the use of screwdrivers and vice-grip pliers to gain forcible entry into vehicles.

We find no merit to the defendant's contentions that the trial court improperly permitted the arresting officer to testify as an expert (*see, People v Cronin,* 60 NY2d 430, 432-433). The qualification of a witness as an expert is a determination which rests within the sound discretion of the trial court and its determination will not be disturbed in the absence of a serious mistake, an error of law, or an improvident exercise of discretion (*see, People v Jones,* 171 AD2d 691; *People v Robinson,* 166 AD2d 543; *People v Greene,* 153 AD2d 439, 449-450). "Practical experience may properly substitute for academic training" in determining whether an individual is qualified to testify as an expert (*People v Donaldson,* 107 AD2d 758, 759).

The trial court in this case properly determined that the arresting officer was an expert based on the fact that the officer had made numerous arrests involving forcible entry into automobiles and homes, which included the recovery of implements, such as those involved here, used to gain unlawful entry. Further, the arresting officer's testimony was useful in explaining to the jury exactly how these tools might be used to gain entry into automobiles. Additionally, the qualification of the arresting officer as an expert did not improperly bolster his credibility.

The defendant's remaining contentions are without merit. Thompson, J. P., Santucci, Friedmann and Luciano, JJ., concur.