■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK McIVER, Appellant. [666 NYS2d 183] —Judgment, Supreme Court, New York County (Thomas Galligan, J.), rendered November 18, 1994, convicting defendant, after a nonjury trial, of rape in the first degree (three counts), sodomy in the first degree (three counts), attempted rape in the first degree, sexual abuse in the first degree (three counts), and endangering the welfare of a child, and sentencing him to, *inter alia*, three consecutive terms of 3⅓ to 10 years concurrent with three concurrent terms of 3⅓ to 10 years, unanimously affirmed.

The court properly admitted evidence of alleged abuse of the complainant during the period from July 1, 1993 to February 4, 1994, as relevant to the charged crime of endangering the welfare of a child during that period (Penal Law § 260.10 [1]). In addition, the court properly admitted evidence of uncharged crimes after defendant opened the door to such evidence by eliciting from the complainant, on cross-examination, that she

had first reported defendant's conduct to a family member at a time prior to the crimes charged in the indictment, and by raising a credibility issue through questioning as to why the complainant and other family members had failed to protest and promptly report the charged crimes (*see, People v Melendez*, 55 NY2d 445, 451; *People v Mendez*, 221 AD2d 162, *lv denied* 87 NY2d 923).

Defendant failed to preserve his current claims regarding various comments made by the prosecutor in summation and we decline to review them in the interest of justice. Were we to review, we would find defendant's contentions to be without merit (*see, People v Marks*, 6 NY2d 67, *cert denied* 362 US 912). Concur—Ellerin, J. P., Wallach, Mazzarelli, Andrias and Colabella, JJ.