■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY HOUSTON, Appellant. [673 NYS2d 425] —Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered April 15, 1994, convicting defendant, after a jury trial, of four counts of rape in the first degree and four counts of sexual abuse in the first degree, and sentencing him to four terms of 8 to 24 years and four terms of 2⅓ to 7 years, all to run concurrently, unanimously affirmed.

Defendant's challenges to the admission of certain expert and medical testimony are unpreserved for lack of specific objection (*see, People v Tevaha*, 84 NY2d 879), and we decline to review them in the interest of justice. Were we to review these claims, we would find that expert testimony regarding child sexual abuse syndrome was not admitted to prove that defendant committed the crimes charged, but rather to explain the delayed disclosure by the two young victims and to help the jury understand why one of the victims falsely claimed that she had been raped by a stranger the day after she was raped by this defendant, who was her stepfather (*see, People v Grant*, 241 AD2d 340, *lv denied* 90 NY2d 1011; *People v Maymi*, 198 AD2d 153, *lv denied* 82 NY2d 927). We find that the sexual abuse expert's testimony did not present any improper statistical evidence (*see, People v Taylor*, 75 NY2d 277) and that the pediatrician's testimony was admissible "to establish how a child could be raped without suffering physical injury" (*People v Smith*, 202 AD2d 366). Defendant's remaining contentions concerning the expert witnesses are without merit.

Defendant opened the door to uncharged crimes evidence by raising credibility issues during his cross-examination of one of the victims with respect to her failure to call out to her mother or brother who were sleeping nearby while she was being raped in the bathroom, and by introducing the witness's Grand Jury testimony that mentioned prior uncharged crimes (*People v McIver*, 245 AD2d 180). Concur—Milonas, J. P., Nardelli, Mazzarelli and Andrias, JJ.