■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIN PAUN, Appellant. [703 NYS2d 256] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered July 22, 1997, convicting him of rape in the first degree, sodomy in the first degree (two counts), and sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court erred in permitting an emergency room physician to testify as to matters claimed to be beyond his scope of expertise is unpreserved for appellate review (see, *People v Gray*, 86 NY2d 10; *People v Tevaha*, 84 NY2d 879; *Smith v City of New York*, 238 AD2d 500). In any event, a physician need not be a specialist in a particular field in order to testify, provided that he possesses the requisite knowledge, and the weight to be attached to an expert's opinion is a matter for the jury (see, *Forte v Weiner*, 200 AD2d 421; *Humphrey v Jewish Hosp. & Med. Ctr.*, 172 AD2d 494). Also, "[p]ractical experience may properly substitute for academic training in determining whether an individual has acquired the training necessary to be qualified as an expert" (*People v Donaldson*, 107 AD2d 758, 759). Accordingly, since the emergency room physician in this case was engaged in a practice that required him to examine and treat rape victims, he was properly allowed to testify as to the significance of the presence or absence of signs of trauma to a woman's body following a rape.

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Sullivan, J. P., S. Miller, Friedmann and Schmidt, JJ., concur.