■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CUTRI, JOSEPH BIANCAMANO and BRIAN VITTORINI, Appellants. [761 NYS2d 492] —Appeals by the defendants from three judgments (one as to each defendant) of the Supreme Court, Westchester County (Perone, J.), all rendered October 2, 2001, convicting each of the defendants of assault in the third degree and harassment in the second degree, after a nonjury trial, and imposing sentences. The appeals bring up for review the denial, after a hearing, of those branches of the defendants' separate omnibus motions which were to suppress identification testimony, those branches of the separate omnibus motions of the defendants Michael Cutri and Brian Vittorini which were to suppress their statements to law enforcement officials, and that branch of the omnibus motion of the defendant Brian Vittorini which was to suppress physical evidence.

Ordered that the judgments are affirmed.

The police had reasonable suspicion to detain the defendants, as they had information from a witness that the defendant Joseph Biancamano had been present at the scene of the assault, and the three defendants together fit a general description of the assailants (*see People v De Bour,* 40 NY2d 210 [1976]). Accordingly, the Supreme Court properly denied those branches of the defendants' separate omnibus motions which were to suppress identification testimony, those branches of the separate omnibus motions of the defendants Michael Cutri and Brian Vittorini which were to suppress their statements to law enforcement officials and that branch of the omnibus motion of the defendant Brian Vittorini which was to suppress physical evidence.

Viewing the evidence in the light most favorable to the pros-

ecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendants' guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be given to the evidence presented, are primarily questions to be determined by the factfinder, who saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdicts of guilt were not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendants' remaining contentions are without merit. Altman, J.P., Florio, Adams and Rivera, JJ., concur.