■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PRICE, Appellant. [771 NYS2d 896]—

Judgment, Supreme Court, Bronx County (Peter Benitez, J.), rendered May 7, 2001, convicting defendant, after a jury trial, of murder in the second degree and rape in the first degree, and

sentencing him, as a persistent felony offender, to concurrent terms of 25 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility. The element of forcible compulsion required to prove rape, and concomitantly to prove felony murder, was established by extensive evidence of a type closely associated with forcible rape. Defendant's argument that this evidence was consistent with consensual sex, followed by an assault, is not a reasonable inference to be drawn from the evidence herein.

The court properly declined to provide a circumstantial evidence charge, since there was both direct and circumstantial evidence (see People v Roldan, 88 NY2d 826 [1996]; People v Daddona, 81 NY2d 990 [1993]; People v Woolridge, 272 AD2d 242 [2000]).

The court properly precluded defendant from introducing evidence that constituted hearsay, and was inadmissible under the Rape Shield Law (CPL 60.42). Defendant's claim that he was constitutionally entitled to introduce the evidence at issue is unpreserved (see People v Angelo, 88 NY2d 217, 222 [1996]; People v Gonzalez, 54 NY2d 729 [1981]), and we decline to review it in the interest of justice. Were we to review this claim, we would find no violation of defendant's right to present a defense (see Crane v Kentucky, 476 US 683, 689-690 [1986]). Concur—Nardelli, J.P., Mazzarelli, Ellerin and Friedman, JJ.