■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVE NELSON, Appellant. [804 NYS2d 373]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered October 28, 2003, convicting him of robbery in the third degree and rape in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly admitted expert testimony regarding rape trauma syndrome to aid the jury in understanding the unusual behavior of the complainant after the rape occurred (*see People v Taylor*, 75 NY2d 277 [1990]; *People v Wernick*, 89 NY2d 111 [1996]). The defendant's argument that the expert's testimony impermissibly bolstered the testimony of the complainant is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, to the extent that the expert's testimony impermissibly bolstered the complainant's testimony, it did not constitute reversible error, as any prejudice resulting therefrom was dissipated by the trial court's repeated instructions to the jury. The court instructed the jury that the expert's testimony was not to be received as evidence that a rape occurred, but rather to aid the jury in its consideration of the complainant's behavior in the aftermath of the alleged rape (*see People v Story*, 176 AD2d 1080, 1081 [1991]).

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858 [1987]; *People v Fryar*, 276 AD2d 641 [2000]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either unpreserved for appellate review or without merit. Florio, J.P., Luciano, Skelos and Lifson, JJ., concur.