■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN MARTICH, Appellant. [818 NYS2d 48]—

Judgment, Supreme Court, New York County (John E.H. Stackhouse, J.), rendered November 19, 2001, convicting defendant, after a jury trial, of sodomy in the first and third degrees, coercion in the first degree (five counts), rape in the second degree, rape in the third degree (two counts), assault in the second degree (two counts), assault in the third degree (two counts), endangering the welfare of a child (two counts), eavesdropping (two counts) and possession of eavesdropping devices (three counts), and sentencing him to an aggregate term of 26 to 78 years, unanimously modified, on the law, to the extent of replacing the sentences of 2 to 6 years for the second-degree assault convictions with sentences of 2 years, and otherwise affirmed.

Each time the court sustained an objection during defendant's cross-examination, counsel simply moved on without making an offer of proof or other argument. Accordingly, defendant failed to preserve his argument, including his constitutional claim, that the court improperly curtailed his impeachment of the victim (*see People v George*, 67 NY2d 817, 819 [1986]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court properly exercised its discretion in limiting cumulative and argumentative questioning, or questioning calling for inadmissible hearsay (*see e.g. People v Melcherts*, 225 AD2d 357 [1996], *lv denied* 88 NY2d 881 [1996]), and that defendant received a full opportunity to cross-examine the witness (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]).

Defendant's ineffective assistance claims are not properly reviewable on direct appeal as they involve strategic choices of counsel (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant has failed to demonstrate he did not receive effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 712-713 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). The existing record does not establish that counsel misunder-

stood the Rape Shield Law or that he lacked familiarity with the victim's medical records.

The People's expert's brief narration of the history she had taken from the victim was properly admitted to explain the basis of her opinion (*see People v Jones*, 73 NY2d 427, 430 [1989]). The expert offered no opinion on the victim's truthfulness, and since the victim herself was subject to cross-examination, no Confrontation Clause issue is presented (*compare People v Goldstein*, 6 NY3d 119 [2005], *cert denied* — US —, 126 S Ct 2293 [2006]). Defendant's remaining challenges to the expert testimony are without merit.

Those portions of the prosecutor's summation to which defendant objected as misstating the evidence were permissible arguments that drew reasonable inferences from the record. Defendant's remaining summation claims, and his argument concerning the court's receipt of sworn testimony from the child victim, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them.

The sentences on the second-degree assault convictions were unlawful to the extent indicated (*see* Penal Law § 70.00 [6]; § 70.02 [2] [b]; [3] [c]). We perceive no other basis for reducing the sentence. Concur—Buckley, P.J., Mazzarelli, Saxe, Williams and McGuire, JJ.