■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE J. BURKS, Appellant. [844 NYS2d 162]—Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Orange County (DeRosa, J.), imposed May 5, 2004, on the ground that the sentence is excessive.

Ordered that the sentence is affirmed. No opinion. Prudenti, P.J., Rivera, Goldstein, Dillon and McCarthy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL CORTES, Appellant. [844 NYS2d 403]—Appeal by the defendant from a judgment of the County Court, Orange County (Rosenwasser, J.), rendered February 22, 2005, convicting him of rape in the third degree, endangering the welfare of a child, and sexual abuse in the third degree (three counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's general motion to dismiss the charge of rape in the third degree, made at the close of the People's case, failed to preserve for appellate review the argument he now makes on appeal as to the legal sufficiency of the evidence at trial (*see* CPL 470.05 [2]; *People v Finger*, 95 NY2d 894 [2000]; *People v Santos*, 86 NY2d 869 [1995]; *People v Bynum*, 70 NY2d 858, 859 [1987]).

In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that the evidence was legally sufficient to establish the defendant's guilt of rape in the third degree based on the victim's testimony and the defendant's statement to police (*see* Penal Law § 130.00 [1]; *People v Gill*, 172 AD2d 623 [1991]). The defendant's testimony at trial that his statement to police contained errors merely raised an issue of credibility to be resolved by the trier of fact (*see People v Cutri*, 306 AD2d 418, 419 [2003]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Nelson*, 22 AD3d 769, 770 [2005]). Prudenti, P.J., Krausman, Fisher and Dillon, JJ., concur.