█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT CHAMBERS, Appellant. [846 NYS2d 151]—

Judgment of resentence, Supreme Court, Bronx County (David Stadtmauer, J.), rendered March 10, 2006, resentencing defendant, as a persistent violent felony offender, to a term of 25 years to life, upon his conviction, after a jury trial, of manslaughter in the first degree, unanimously affirmed.

After this Court rejected defendant's original appeal from his conviction (305 AD2d 193 [2003], *lv denied* 100 NY2d 579 [2003]), the trial court granted, on grounds not at issue on the present appeal, defendant's CPL 440.20 motion to set aside sentence, and ordered resentencing, including new proceedings on defendant's persistent violent felony offender status. Defendant contested whether, in fact, he had two or more prior violent felony convictions, and the court conducted an evidentiary hearing on that issue. The evidence established, beyond a reasonable doubt, defendant's identity as the person named in the certificates of conviction. Even assuming, without deciding, that resort to the testimony of a fingerprint comparison expert was necessary in the first place (*but see* CPL 60.60), we find that the court properly qualified the fingerprint examiner as an expert and accepted his testimony (*see e.g. People v Guzman*, 4 AD3d 196 [2004]; *People v Paun*, 269 AD2d 546 [2000], *lv denied* 95 NY2d 801 [2000]). Defendant's arguments to the contrary are without merit.

The procedure under which defendant was sentenced as a persistent violent felony offender was not unconstitutional. De-

fendant was not entitled to a jury determination of the existence of his prior convictions. We see no reason to limit the rule of *Almendarez-Torres v United States* (523 US 224 [1998]) to situations where the fact of a prior conviction is undisputed. Concur—Lippman, P.J., Friedman, Sullivan, Gonzalez and Catterson, JJ.