THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COLLIE SMITH, Appellant. [851 NYS2d 502]—

Judgment, Supreme Court, Bronx County (Ira R. Globerman, J.), rendered September 27, 2002, convicting defendant, after a jury trial, of sodomy in the first degree and endangering the welfare of a child, and sentencing him to an aggregate term of 18 years, unanimously affirmed.

The court properly admitted, as an excited utterance, the tape of a 911 call made by the victim's mother, who testified at trial. She made the call shortly after discovering the victim being abused by defendant, without any opportunity to reflect or fabricate (*see People v Johnson*, 1 NY3d 302, 306 [2003]; *People v Edwards*, 47 NY2d 493 [1979]). The record fails to support defendant's assertion that there was a significant lapse of time between the call and the startling event. Moreover, the court heard the tape and found it showed the mother was still operating under the stress of the event when she made the call.

The court properly admitted expert testimony that assisted the jury in understanding why the alleged sexual conduct would not necessarily cause injury (*see People v Houston*, 250 AD2d 535 [1998], *lv denied* 92 NY2d 983 [1998]; *People v Smith*, 202 AD2d 366 [1994]). The expert was properly permitted to give a brief narration of the victim's allegations contained in the history portion of the medical records, since the expert relied on these allegations in forming her opinion and since the victim testified to the same facts and was subject to cross-examination (*see People v Martich*, 30 AD3d 305, 306 [2006], *lv denied* 7 NY3d 868 [2006]). The remainder of the hearsay statements from the medical records were elicited by the defense, and were admissible in any event on the same ground (*see People v Scullark*, 23 AD3d 216, 217 [2005], *lv denied* 6 NY3d 852 [2006]). Defendant's remaining arguments concerning the medical evidence are unreviewable for lack of a proper record (*see id.*).

The prosecutor's summation remark to which defendant objected as addressing the "jurors' medical evidence experience" actually called upon the jurors to use their common sense and life experience. Even if the prosecutor should have avoided this line of argument, any error was harmless. Of defendant's other arguments concerning the prosecutor's summation, the only ones that are arguably preserved are his claims that the court should have granted curative instructions with regard to comments by the prosecutor explaining the absence of certain

witnesses and documentary evidence. However, these claims are without merit, because the remarks at issue properly asked the jury to draw reasonable inferences from the evidence, and were responsive to defense counsel's summation (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]). The prosecutor did not shift the burden of proof, and the court's general jury instructions on that subject were sufficient to prevent any prejudice. Defendant's remaining summation claims are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Concur—Tom, J.P., Nardelli, Williams and McGuire, JJ.