THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARIEL MENENDEZ, Appellant. [856 NYS2d 647]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered July 25, 2006, convicting him of murder in the first degree (two counts), rape in the first degree, and criminal sexual act in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements made to law enforcement officials.

Ordered that the judgment is affirmed.

Since the statements the defendant made to law enforcement officials were not introduced at trial, his contention that they were made without the benefit of *Miranda* warnings (*see Miranda v Arizona*, 384 US 436 [1966]) is academic for purposes of this appeal (*see People v Nevins*, 16 AD3d 1046, 1048 [2005]; *People v Vanier*, 178 AD2d 501 [1991]; *People v Adames*, 168 AD2d 623 [1990]).

The trial court's preliminary instructions, as a whole, were accurate as to the burden of proof (*see People v Fields*, 87 NY2d 821, 823 [1995]; *People v Belk*, 238 AD2d 346 [1997]; *People v Rodriguez*, 155 AD2d 627 [1989], *affd* 76 NY2d 918 [1990]). Moreover, in the single instance where the preliminary instruction was inaccurate, the defendant declined the issuance of curative instructions (*see People v Young*, 48 NY2d 995, 996 [1980]; *People v Simmons*, 204 AD2d 214, 215 [1994]).

The defendant contends that testimony of a sexual assault nurse examiner should have been precluded because she was unqualified to render an expert opinion and her testimony shifted the burden of proof and was speculative. However, only the defendant's challenge to her testimony as speculative is preserved for appellate review. In any event, the defendant's contentions are without merit. Given the education and employment history of the witness, who was a registered nurse, the trial court providently exercised its discretion in permitting her to provide expert testimony (*see Matott v Ward*, 48 NY2d 455,

459 [1979]; *People v Lewis*, 16 AD3d 173 [2005]; *People v Morehouse*, 5 AD3d 925, 928 [2004]). The witness's testimony that a large percentage of sexual assault victims exhibit no physical injuries to their sexual organs did not shift the burden of proof (*see People v Heer*, 12 AD3d 1154, 1155 [2004]; *People v Shelton*, 307 AD2d 370, 371 [2003], *affd* 1 NY3d 614 [2004]; *People v Paun*, 269 AD2d 546 [2000]; *People v Houston*, 250 AD2d 535 [1998]; *People v Green*, 239 AD2d 248, 249 [1997]; *People v Smith*, 202 AD2d 366 [1994]). Nor was her testimony speculative, given that it was based upon evidence already received (*see Tarlowe v Metropolitan Ski Slopes*, 28 NY2d 410, 414 [1971]; *People v Cruz*, 233 AD2d 102 [1996], *affd* 90 NY2d 961 [1997]).

The defendant's contention that the trial court improvidently exercised its discretion in finding that a police witness was qualified to render an expert opinion in the field of blood splatter analysis is without merit, as the witness demonstrated that he possessed the "requisite skill, training, education, knowledge or experience" to provide a reliable opinion (*Matott v Ward*, 48 NY2d at 459; *see People v Hicks*, 2 NY3d 750, 751 [2004]; *People v Eckhardt*, 305 AD2d 860, 864 [2003]; *People v Rivera*, 236 AD2d 428, 429 [1997]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of the crimes charged beyond a reasonable doubt.

Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Price*, 5 AD3d 117, 118 [2004]; *People v Shelton*, 307 AD2d at 371; *People v Slater*, 173 AD2d 1024, 1028 [1991]).

The defendant's remaining contentions are either without merit or do not require reversal. Skelos, J.P., Dillon, Leventhal and Chambers, JJ., concur.