■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP JEAN-LAURENT, Appellant. [859 NYS2d 658]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered June 1, 2005, convicting him of assault in the second degree, criminal possession of a weapon in the fourth degree, criminal contempt in the second degree (four counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court erred in permitting an emergency medical technician (hereinafter EMT) to testify as to matters claimed to be beyond her scope of expertise is unpreserved for appellate review (*see People v Gray*, 86 NY2d 10 [1995]; *People v Tevaha*, 84 NY2d 879 [1994]; *People v Nelson*, 22 AD3d 769, 770 [2005]; *People v Mack*, 301 AD2d 863 [2003]; *People v Paun*, 269 AD2d 546 [2000]). In any event, the trial court properly determined that the EMT was qualified to render an opinion that the complainant's injuries were caused by two blows from a blunt instrument. "Practical experience may properly substitute for academic training in determining whether an individual has acquired the training necessary to be qualified as an expert" (*People v Donaldson*, 107 AD2d 758, 759 [1985]; *see People v Paun*, 269 AD2d 546 [2000]; *People v Rivera*, 236 AD2d 428, 429 [1997]; *see also Meiselman v Crown Hgts. Hosp.*, 285 NY 389, 398 [1941]). Further, the trial court was not

required to formally declare or certify the witness to be an expert (*see People v Wagner,* 27 AD3d 671, 672 [2006]).

The defendant received meaningful representation (*see People v Benevento,* 91 NY2d 708, 713-714 [1998]; *People v Baldi,* 54 NY2d 137, 147 [1981]).

The defendant's remaining contentions, raised in his supplemental pro se brief, are without merit. Skelos, J.P., Santucci, Balkin and Chambers, JJ., concur.