The People of the State of New York, Respondent,
against
Jacqueline D. Knight, Appellant.




Nassau County Legal Aid Society (Tammy Feman and Marquetta Christy of counsel), for appellant.
Nassau County District Attorney (Yael V. Levy and Autumn Hughes of counsel), for respondent.

Appeal from a judgment of the District Court of Nassau County, First District (David W. McAndrews, J.), rendered February 6, 2015. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated (per se), and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Defendant was convicted, following a jury trial, of driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]).
Defendant's contention that she was deprived of a fair trial on the ground that the People used their cross-examination of the defense's expert witness to advance a theory of the case that the evidence did not support is unpreserved for appellate review because defendant did not object to the question she now challenges (see CPL 470.05 [2]). In any event, the contention is without merit, as the prosecutor "adequately demonstrated [her] good faith and possessed a sufficient basis for asking the challenged question" (People v Kass, 25 NY2d 123, 126 [1969]; see People v Sealy, 167 AD2d 362, 363 [1990]).
It is well settled that a prosecutor may not "attempt to shift the burden of proof by implying that [a] defendant has an obligation to introduce evidence" (People v Collins, 12 AD3d [*2]33, 38 [2004]). "It is, of course, absolutely improper for a prosecutor to suggest that a defendant has an obligation to call witnesses on [her] own behalf" (People v Grice, 100 AD2d 419, 422 [1984]). Although the prosecutor improperly mentioned in front of the jury that the defense was planning to call an expert witness, any prejudice that may have resulted from this was alleviated when the trial court, in effect, sustained defendant's objection and provided a curative instruction to the jury (see People v Warren, 27 AD3d 496, 498 [2006]; People v Irby, 250 AD2d 778, 779 [1998]).
Defendant's contention that the prosecutor made improper remarks during her summation is largely unpreserved for appellate review (see CPL 470.05 [2]; People v Martin, 116 AD3d 981, 982 [2014]). In any event, the challenged comments were fair comment on the evidence or the reasonable inferences to be drawn therefrom, fair response to arguments made by defense counsel in summation, or within the broad bounds of rhetorical comment permissible in summation (see People v Bragg, 161 AD3d 998, 999 [2018]).
The District Court did not improvidently exercise its discretion in denying defendant's request for an adjournment prior to the commencement of defense counsel's cross-examination of a witness (see People v Toussaint, 74 AD3d 846, 847 [2010]). "A granting of an adjournment for any purpose is a matter of discretion for the trial court" (People v Singleton, 41 NY2d 402, 405 [1977]). Moreover, "[t]he court's exercise of discretion in denying a request for an adjournment will not be overturned absent a showing of prejudice" (People v Arroyo, 161 AD2d 1127, 1127 [1990]; see People v Aikey, 94 AD3d 1485, 1486 [2012]). Defendant failed to establish that she was prejudiced by the court's denial of her request (see People v Aikey, 94 AD3d at 1486).
Defendant's contention that the District Court erred in permitting a police officer certified as a breath analysis operator to testify as to matters claimed to be beyond his scope of expertise is without merit. "Practical experience may properly substitute for academic training in determining whether an individual has acquired the training necessary to be qualified as an expert" (People v Donaldson, 107 AD2d 758, 759 [1985]). The court properly determined that the officer, who testified as an expert in calibrating, maintaining, and operating the Intoxilyzer 5000 EN, was qualified to render an opinion about the effects of bronchitis and a certain medication on an Intoxilyzer 5000 EN breath test (see People v Jean-Laurent, 51 AD3d 818, 818 [2008]).
Contrary to defendant's contention, the court did not improvidently curtail counsel's cross-examination of a witness when she attempted to attack his credibility with a prior inconsistent statement. Defendant's contention that the court improvidently curtailed her cross-examination of this same witness when she attempted to refresh his recollection with notes prepared by another testifying witness is unpreserved for appellate review (see People v Arroyo, 131 AD3d 1257, 1258 [2015]; People v Macuil, 67 AD3d 1025 [2009]). In any event, although "a witness's testimony may be refreshed using any writing, whether or not made by the witness" (People v Garrow, 171 AD3d 1542, 1547 [2019]), any error in the ruling was harmless because defendant was permitted to impeach the witness's credibility by questioning him about the notes (see People v Greene, 110 AD3d 827, 829 [2013]; People v Fernandez, 280 AD2d 680, 681 [2001]). Furthermore, there was overwhelming evidence of defendant's guilt and no reasonable possibility that the error might have contributed to her conviction (see People v Crimmins, 36 [*3]NY2d 230, 241-242 [1975]).
Upon the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to the trier of fact's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that the verdict was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). 
Defendant's remaining contentions lack merit.
Accordingly, the judgment of conviction is affirmed.
ADAMS, P.J., RUDERMAN and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 21, 2019