People v Minutolo (2023 NY Slip Op 02220)

People v Minutolo

2023 NY Slip Op 02220

Decided on April 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

278 KA 21-01424

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL MINUTOLO, JR., DEFENDANT-APPELLANT. 

ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT. 

 Appeal from a judgment of the Wayne County Court (Richard M. Healy, J.), rendered September 15, 2021. The judgment convicted defendant upon a nonjury verdict of overdriving, torturing and injuring animals. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of one count of overdriving, torturing and injuring animals (Agriculture and Markets Law § 353). The conviction arose from an incident in which defendant repeatedly struck one of his dogs because he was "frustrated" that the animal failed to come when called. He was acquitted of a separate count charging the same offense with respect to a different dog. Defendant's conduct was captured on the surveillance video of a nearby gas station and, contrary to defendant's contention, the People properly authenticated that part of the video showing the incident involving the dog in question inasmuch as two witnesses who observed that incident testified at trial that the video was a true and accurate representation of what they witnessed (see People v Smith, 187 AD3d 1652, 1654 [4th Dept 2020], lv denied 36 NY3d 1054 [2021]; People v Wemette, 285 AD2d 729, 730 [3d Dept 2001], lv denied 97 NY2d 689 [2001]; see generally People v Patterson, 93 NY2d 80, 84 [1999]). To the extent that defendant contends that County Court erred in admitting in evidence as not properly authenticated that part of the video depicting events prior to the witnesses' arrival at the scene, that contention is not preserved for our review inasmuch as defendant failed to object to the admission of that part of the video on that ground (see CPL 470.05 [2]; see generally People v Powell, 115 AD3d 1253, 1255 [4th Dept 2014], lv denied 23 NY3d 1024 [2014]).
Contrary to the further contention of defendant, the evidence is legally sufficient to establish that he "cruelly beat[]" the dog in question (Agriculture and Markets Law § 353). Here, the video evidence and the testimony of the two witnesses to the incident established that defendant punched the dog three to five times with a closed fist while the animal whimpered and cried (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Further, viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that "an acquittal would have been unreasonable . . . , and thus the verdict is not against the weight of the evidence" (People v Weezorak, 134 AD3d 1590, 1590 [4th Dept 2015], lv denied 27 NY3d 970 [2016] [internal quotation marks omitted]; see People v Kreutter, 121 AD3d 1534, 1535-1536 [4th Dept 2014], lv denied 25 NY3d 990 [2015]; see generally Bleakley, 69 NY2d at 495).
Finally, we reject defendant's challenge to the penalty imposed by the court under Agriculture and Markets Law § 374 (8) (c). That section permits a court, in addition to imposing any other penalty provided by law, to issue an order directing that a convicted defendant may not "own, harbor, or have custody or control of any other animals, other than farm animals, for a period of time which the court deems reasonable" (id.). Here, the court issued an order that imposed such a penalty for a period of 10 years and, considering defendant's violent actions [*2]against his own dog in this incident, we decline to disturb the court's determination regarding the period of time that the order will remain in effect.
Entered: April 28, 2023
Ann Dillon Flynn
Clerk of the Court