People v Birch (2024 NY Slip Op 03101)

People v Birch

2024 NY Slip Op 03101

Decided on June 6, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 6, 2024

112216
[*1]The People of the State of New York, Respondent,
v
Donald Birch Jr., Appellant.

Calendar Date:April 25, 2024

Before:Egan Jr., J.P., Aarons, Fisher, McShan and Mackey, JJ.

Thomas J. Butler, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Fisher, J.
Appeal from a judgment of the County Court of Schenectady County (Matthew J. Sypniewski, J.), rendered September 10, 2019, upon a verdict convicting defendant of the crimes of aggravated cruelty to animals and overdriving, torturing and injuring animals; failure to provide proper sustenance.
In August 2018, defendant intentionally killed his neighbor's pet cat, Smokey, by repeatedly stomping on his head and swinging him forcibly against a pole. The incident took place after the cat had been hit by a car while defendant and the neighbor were talking together on the neighbor's porch. Although several witnesses testified that they did not see any blood after the cat was hit by the car but did observe him to be in distress and limping, defendant claimed that the cat was severely injured, screaming in pain and had to be put "out of his misery." Following an investigation, including an examination by a veterinary pathologist, defendant was charged by indictment with aggravated cruelty to animals (see Agriculture and Markets Law § 353-a [1]) and overdriving, torturing and injuring animals; failure to provide proper sustenance (see Agriculture and Markets Law § 353). At the ensuing jury trial, defendant moved for a mistrial following the People's summation, citing comments made by the prosecutor as depriving him of his right to a fair trial. County Court denied the motion, and the jury subsequently convicted defendant as charged. Defendant was sentenced to an 18-month term of incarceration on the aggravated cruelty to animals conviction, and to a lesser concurrent term on the overdriving, torturing and injuring animals conviction. County Court also prohibited defendant from owning, harboring or having custody or control over any animals for 50 years. Defendant appeals.
We affirm. Trial attorneys are "afforded wide latitude during summations and reversal is warranted only when a prosecutor's remarks are so egregious that they deprive a defendant of a fair trial" (People v Graham, 215 AD3d 998, 1008 [3d Dept 2023] [internal quotation marks, ellipsis and citation omitted], lv denied 40 NY3d 928 [2023]). Indeed, "summations are rarely perfect and not every improper comment made by the prosecuting attorney during the course of closing arguments warrants reversal of the underlying conviction" (People v Pitt, 170 AD3d 1282, 1285 [3d Dept 2019] [internal quotation marks, brackets, ellipsis and citation omitted], lv denied 33 NY3d 1072 [2019]). "In determining whether a reversal is warranted on this ground, [this Court] must assess the severity and frequency of the conduct, whether the trial court took appropriate action to dilute the effect of the conduct and whether, from a review of the evidence, it can be said that the result would have been the same absent such conduct" (People v Lall, 223 AD3d 1098, 1109 [3d Dept 2024] [internal quotation marks and citations omitted], lv denied ___ NY3d ___ [Apr. 8, 2024]). In performing such evaluation, "the prosecutor's [*2]closing statement must be evaluated in light of the defense summation" to determine whether the People's response was justified (People v Halm, 81 NY2d 819, 821 [1993]). "The decision to grant or deny a motion for a mistrial is within the trial court's discretion and its decision will not be disturbed unless it amounts to an abuse of discretion" (People v Hajratalli, 200 AD3d 1332, 1338 [3d Dept 2021] [internal quotation marks and citations omitted], lv denied 38 NY3d 1033 [2022]).
Here, defense counsel's summation focused on defendant's state of mind, tying it to the testimony of a forensic psychologist who explained to the jury that defendant had a thought disorder that caused a "break with reality" at the time of the incident which casts reasonable doubt regarding whether defendant acted in "an especially depraved or sadistic manner," as required by Agriculture and Markets Law § 353-a (1) (see People v Restifo, 220 AD3d 1113, 1115 [3d Dept 2023], lv denied 40 NY3d 1094 [2024]). In response, while imperfect, the prosecutor's summation did not improperly shift the burden of proof or deprive defendant of a fair trial. Specifically, County Court sustained objections to the prosecutor's comments relating to the lack of certain jury instructions, references to sentencing and that a police officer thought the cat was killed in a depraved manner, and immediately instructed the jury to disregard those comments, curing any prejudice flowing from them (see People v Hajratalli, 200 AD3d at 1338). Other statements relating to defendant's depravity in killing the cat constituted fair commentary based on the evidence or was otherwise responsive to defense counsel's summation contending that defendant's thought disorder "explain[ed] everything" (see People v Shamsuddin, 167 AD3d 1334, 1337 [3d Dept 2018], lv denied 33 NY3d 953 [2019]; see also People v Lall, 223 AD3d at 1109). The prosecutor's other remarks about how to handle an injured animal by adopting a wait and see approach to determine the extent of the cat's injuries permissibly drew on the jury's common knowledge and experience (see People v Adorno, 210 AD3d 113, 125 [2d Dept 2022]; People v Engler, 150 AD2d 827, 830 [3d Dept 1989], lv denied 75 NY2d 770 [1989]; see also People v Smith, 48 AD3d 298, 299 [1st Dept 2008], lv denied 10 NY3d 870 [2008]). When further considering the balance of the prosecutor's statements and the record as a whole, including County Court's subsequent charge to the jury instructing that it was the People who maintained the burden of establishing defendant's guilt beyond a reasonable doubt — a point the prosecutor also acknowledged during summations — as well as the strength of the evidence against defendant, we cannot say that the jury would not have convicted defendant but for the prosecutor's statements during summation (see People v Shamsuddin, 167 AD3d at 1337; see also People v Graham, 215 AD3d at 1008; People v Pitt, 170 AD3d at 1285). Accordingly, County Court properly [*3]denied defendant's motion for a mistrial.
Lastly, we reject defendant's challenge to County Court's order imposing a 50-year ban on defendant owning, harboring or having custody or control of any other animals (see Agriculture and Markets Law § 374 [8] [c]).[FN1] Defendant argues that the duration of the ban is unreasonable because it does not contemplate any rehabilitation and affects his living situation since a family member he resides with owns a pet. Although defendant describes himself as an animal activist and the record contains several letters in support of his prior positive interactions with other pets, it is difficult to overlook the extreme level of violence inflicted on the cat in front of its owner and that defendant attempted to justify his actions at trial through a graphic description of the cat's condition after being hit by the car that was simply unsupported by any other witness or medical evidence. Further considering that the legislative history behind the statute "recognizes the danger that those who are convicted of abusing animals may do so again" (Governor's Approval Mem, Bill Jacket, L 1995, ch 569 at 5), and given that the presentencing report indicates defendant's escalating criminal conduct, defendant's unaddressed mental health concerns and the sentencing minutes where defendant believed his actions in killing the cat were still justified — all which pose a threat to other animals in the future — we find County Court's 50-year ban on defendant owning animals to be a reasonable period of time under these circumstances (see Agriculture and Markets Law § 374 [8] [c]; People v Valdez, 181 AD3d 981, 985-986 [3d Dept 2020]; People v Brinkley, 174 AD3d 1159, 1167 [3d Dept 2019], lv denied 34 NY3d 979 [2019]; see also People v Minutolo, 215 AD3d 1260, 1261 [4th Dept 2023], lv denied 40 NY3d 1093 [2024]). We have examined defendant's remaining contentions and have found them to be without merit or rendered academic.
Egan Jr., J.P., Aarons, McShan and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Defendant's separate challenge to the length of his term of incarceration is moot, inasmuch as he has finished serving that sentence (see People v Vivona, 199 AD3d 1165, 1166 [3d Dept 2021]).